EDWARD SWANSTON

*v.*

LEWIS E. IJAMS.

ACTION *for money had and received—whether a payment was voluntary or compulsory—taxes illegally assessed.* Where a party paid taxes illegally assessed, and the only compulsion arose from the fact that his land was liable to sale under a void judgment, which could pass no title, it was *held*, that such payment could not be regarded as made under duress, and an action for money had and received would not lie against the county treasurer, to whom the taxes were paid, to recover them back.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was an action of assumpsit, brought by Swanston against Ijams, the county treasurer of McLean county, to recover back taxes illegally assessed. Upon a trial by the court, a jury being waived, judgment was rendered in favor of the defendant, to reverse which the plaintiff appeals.

Messrs. WILLIAMS & BURR, for the appellant.

Messrs. ROWELL & HAMILTON, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This case falls within the authority of *Elston* v. *Chicago*, 40 Ill. 514, and *Stover* v. *Mitchell*, 45 ib. 214. The drainage tax, now sought to be recovered back from the county treasurer, was voluntarily paid to him by the plaintiff, and not under circumstances which can be regarded as amounting to duress. Neither the person nor the goods of the plaintiff were in danger. The officer had no warrant under which he could levy on defendant's personal property. The only compulsion arose from the fact that the plaintiff's land was liable to be sold under a void judgment. The plaintiff might have resisted the application for the judgment for these taxes and doubtless have prevented its rendition. He did not do so, however, but allowed it to be rendered and then paid it. There is a double reason, then, for denying the remedy here sought. The plaintiff did not assert his rights when he might have done so, and he paid the money merely to prevent a sale of his land that would have passed no title. This subject is more fully discussed in the cases cited above, and it is needless to enlarge upon it here.

*Judgment affirmed.*