STEWARD M. DAVIS, Appellant, *vs*. THE BOARD OF EDUCA-
TION OF COMMUNITY CONSOLIDATED SCHOOL DISTRICT
No. 115 *et al.* Appellees.

*Opinion filed October 28, 1926—Rehearing denied Dec. 9, 1926.*

1. SCHOOLS—*school board may levy tax for building purposes
without election.* As building purposes include other purposes be-
side the erection of school buildings, no election is required to be
held to authorize the levy of a tax by a community consolidated
school district for educational and building purposes, and one who
has paid such tax cannot recover the same in an action in assump-
sit on the ground that it was not expended for building purposes
during the years for which it was levied but was retained in a
special building fund.

2. TAXES—*taxes paid voluntarily cannot be recovered back.*
Taxes paid voluntarily and not under duress cannot be recovered
back although the tax was illegal.

APPEAL from the Circuit Court of Mercer county; the
Hon. WILLIAM T. CHURCH, Judge, presiding.

WATSON & DUVALL, for appellant.

CHURCH & MANNON, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an action in assumpsit by appellant to recover
from the Board of Education of Community Consolidated
School District No. 115 and Travis R. Wright, township
treasurer, certain money paid by appellant as taxes for the
years 1921, 1922 and 1923. The declaration, after alleg-
ing the levy of the tax by the district authorities for build-
ing purposes and its payment by appellant to the county
treasurer of Mercer county and by him to Travis R.
Wright, township treasurer, alleges that the money was not
expended for building purposes or for any other purpose
during the years for which it was levied and that it is now

held in a special fund known and designated as a building fund; that no vote has been had at any time authorizing the building of a school house or other school building for the use of the district; that no building has been built by the district nor any bonds sold by the district to raise money for building purposes; that no part of the money raised from taxes has been expended for repairs or improvements or for the benefit to a school building belonging to or under the control of the district, and that the time had elapsed in which the money might have been used for such repairs or improvements. Appellees filed a demurrer to the declaration, which was sustained by the court. Appellant elected to stand by his declaration and judgment was entered in favor of appellees against appellant in bar of the action and for costs, from which judgment an appeal has been perfected to this court.

Under the law the board of education had power to levy a tax for educational purposes and for building purposes. Building purposes include other purposes beside the erection of school buildings, and no election is required to be held to authorize the levy of a tax for building purposes to be expended for such other purposes. (*People* v. *Bell,* 309 Ill. 387; *People* v. *Hassler,* 262 id. 133.) There is no allegation in the declaration that the amount levied was so grossly excessive as to show a fraudulent purpose in making the levy. The declaration shows that the taxes were paid by appellant to the county treasurer voluntarily and not under duress, and therefore he cannot recover back the money paid although the tax may be illegal. *Conkling* v. *City of Springfield,* 132 Ill. 420; *Bradford* v. *City of Chicago,* 25 id. 349; *Union Pacific Railroad Co.* v. *Dodge County Comrs.* 8 Otto, 541.

The declaration showing upon its face that appellant was not entitled to recover, the circuit court properly sustained the demurrer thereto, and the judgment is affirmed.

*Judgment affirmed.*