(No. 18484.—

THE SCHOOL OF DOMESTIC ARTS AND SCIENCE, Appellant, *vs.* GEORGE F. HARDING, County Collector, Appellee.

*Opinion filed June 23, 1928—Rehearing denied October 11, 1928.*

DUNCAN and STONE, JJ., dissenting.

GRANVILLE W. BROWNING, and LYNDEN EVANS, for appellant.

ROBERT E. CROWE, State's Attorney, and ROBERT C. O'CONNELL, (HAYDEN N. BELL, of counsel,) for appellee.

Mr. CHIEF JUSTICE DEYOUNG delivered the opinion of the court:

The School of Domestic Arts and Science, a domestic corporation not for pecuniary profit, brought suit in assumpsit against George F. Harding, county treasurer and collector, in the superior court of Cook county, for the recovery of money paid the collector in the discharge of taxes levied on certain real estate which the plaintiff claimed was exempt from taxation. An original and three amended declarations were filed. In the third amended declaration it was alleged that on January 4, 1921, the plaintiff purchased certain real estate, upon a portion of which it conducted, without profit, a school in which cooking and other domestic arts were taught; that it applied to the board of assessors of Cook county to have its real estate so used declared exempt from taxation for the year 1921, and that it was later notified by the board that its application had been granted; that by inadvertence a part of the real estate so used was assessed for the taxes of 1921; that this fact came to the knowledge of the plaintiff only a few days before a sale of the property for non-payment of the taxes would occur; that the property was at the time incumbered by a trust deed to secure the payment of an indebtedness of $50,000; that the trust deed provided that if the premises should be sold for non-payment of taxes the holder of the indebtedness might declare it due and payable and foreclose the trust deed; that in order to save the exempted premises from a tax sale and to avoid the danger of foreclosure proceedings the plaintiff paid the taxes, amounting to $626.06, under protest, by a check which was so marked, and that the defendant accepted the check in payment of the taxes. The county collector interposed a general demurrer to the

declaration, and the demurrer was sustained. Judgment was rendered against the plaintiff in bar of the action and for costs. From that judgment the plaintiff prosecutes this appeal.

Appellant contends that its payment of the taxes illegally assessed upon its exempt property was compulsory and under protest, and that the money paid may be recovered in an action of assumpsit. Appellee, on the contrary, insists that the payment was voluntarily made and cannot be recovered.

To maintain the instant action the illegality of the taxes and their compulsory payment must be established. The former is alleged in the declaration and admitted by the demurrer. To establish that the payment of the taxes was compulsorily made, appellant invoked the impending tax sale and the provision of the trust deed which incumbered its property, permitting the institution of foreclosure proceedings in the event of a sale of the property for non-payment of taxes. It is not alleged in the declaration that the county collector had any knowledge of this provision or that it formed a basis for the protest against the taxes at the time of their payment. There is, in fact, no charge that the county collector exercised, or threatened to exercise, any power or compulsion to obtain payment of the taxes. To render a payment compulsory such pressure must be brought to bear upon the person paying as to interfere with the free enjoyment of his rights of person or property, and the compulsion must furnish the motive for the payment sought to be avoided. Proof that one party is under no legal obligation to pay the money and that the other has no right to receive it is of no consequence unless the payment was compulsory, in the sense of depriving the one making the payment of the exercise of his free will. *Illinois Glass Co.* v. *Chicago Telephone Co.* 234 Ill. 535; *Yates* v. *Royal Ins. Co.* 200 id. 202; *Stover* v. *Mitchell*, 45 id. 213; *Elston* v. *City of Chicago*, 40 id. 514; *Union Pacific Railroad Co.*

v. *Dodge County Comrs.* 98 U. S. 541; 3 Cooley on Taxation, (4th ed.) sec. 1283; 4 Dillon on Mun. Corp. (5th ed.) secs. 1620, 1623.

The payment of taxes upon real estate to avoid a tax sale differs from the payment of money to avoid the seizure of goods or to gain possession of them where there is a pressing necessity for their immediate use. Goods are of a movable, and sometimes of a perishable, character, and a legal remedy may not be available or may be inadequate to afford protection to the person entitled to them. When, under such circumstances, the owner or claimant is compelled, by duress of his person or his goods, to pay money for which he is not liable, the payment is not voluntary but compulsory, and he may rescue himself from his situation by payment of the money, and afterwards, on proof of the facts, by its recovery in an appropriate action. The reasons which support a recovery in such a case do not apply where taxes illegally assessed upon real property are paid to prevent a sale of that property for non-payment of the taxes. Such a sale, if made, would not disturb the tax-payer's possession of the property, for the sale would be subject to redemption. He might also be enabled to avail himself of a remedy to contest the validity of the taxes, to maintain his possession, or to remove the cloud upon his title. Hence the payment of taxes illegally levied upon real estate to prevent a sale of that real estate is regarded as a voluntary, and not as a compulsory, payment. *Otis* v. *People,* 196 Ill. 542; *Swanston* v. *Ijams,* 63 id. 165; *Falls* v. *City of Cairo,.* 58 id. 403.

The declaration shows upon its face that appellant voluntarily paid the taxes which it now seeks to recover. Payment so made precludes recovery although the taxes may have been illegally levied. (*Davis* v. *Board of Education,* 323 Ill. 281; *Conkling* v. *City of Springfield,* 132 id. 420; *Union Pacific Railroad Co.* v. *Dodge County Comrs. supra.*) Since appellant paid the taxes voluntarily, its protest against

their legality at the time of payment was of no avail. *Conkling* v. *City of Springfield, supra; Union Pacific Railroad Co.* v. *Dodge County Comrs. supra;* 3 Cooley on Taxation, (4th ed.) sec. 1297.

The superior court properly sustained the demurrer to the declaration, and its judgment is affirmed.

*Judgment affirmed.*

Mr. JUSTICE STONE, dissenting:

I do not concur in the foregoing opinion. The payment of real estate taxes for the purpose of avoiding a sale is held ordinarily to be a voluntary payment, for the reason that, even though the proceeding ripen into a tax deed, such deed may be set aside where the tax is void, or the sale may be removed as a cloud on the tax-payer's title. (*Swanston* v. *Ijams,* 63 Ill. 165; *Falls* v. *City of Cairo,* 58 id. 403; *Stover* v. *Mitchell,* 45 id. 213; *Elston* v. *City of Chicago,* 40 id. 514; *Bradford* v. *City of Chicago,* 25 id. 411.) Where, however, it is alleged in the declaration, as in this case, that a trust deed exists, by the terms of which the premises may be subjected to foreclosure proceedings if the property is allowed to go to sale for taxes, an entirely new and separate element of duress appears. Payment under such compulsion presents a situation not within the rule applied by the opinion and the cases cited in support thereof; nor is it within the reason for the rule, which is, as above noted, that property sold for a void tax may be recovered as against the holder of a tax deed issued on such sale. Such reasoning cannot be said to apply to a case where failure to pay the sum demanded involves a default of a condition in a trust deed or mortgage on the premises. The land owner by such default is subjected to the danger of loss in defending such foreclosure and loss of the land by such proceeding.

The rule is, that to render a payment compulsory such pressure must be brought to bear upon the person paying as

to interfere in some way with the free enjoyment of his rights of person or property. (*Falls* v. *City of Cairo, supra; Stover* v. *Mitchell, supra; Bradford* v. *City of Chicago, supra.*) Compulsory payment is a question of fact. Neither the character of the payment demanded nor the person or agency making the demand is of consequence in determining whether the payment was, in fact, compulsory. It is well settled in this State that where one, to prevent injury to his person, business or property, is compelled to make payment of money which the party demanding has no right to receive, such payment is, in law, made under duress and may be recovered from the party receiving it. (*Cook County* v. *Fairbank*, 222 Ill. 578; *City of Chicago* v. *Northwestern Mutual Life Ins. Co.* 218 id. 40; *State* v. *Nelson*, 41 Minn. 25.) In *Cook County* v. *Fairbank, supra,* this court approved the following reasoning of the Supreme Court of Minnesota in *State* v. *Nelson, supra:* "Nor is it necessary, in order to constitute compulsory as distinguished from voluntary payment, that the unlawful demand be made by an officer who is prepared to enforce it by process. There may be that kind and degree of necessity or coercion which justifies, and virtually requires, payment to be made of the illegal demands of a private person who has it in his power to seriously prejudice the property rights of another and to impose upon the latter the risk of suffering great loss if the demand be not complied with." Nor is it the rule, as the opinion seems to hold, that the person protesting must disclose to the one demanding payment the basis of his protest. His right to recover is dependent on the fact of duress and not on giving notice of the basis of his claim for relief from payment.

While, in cases where the only consequence of failure to pay a void real estate tax is a sale of the property, from which it could later be relieved, it is held that such protested payment is not made under duress, no case, so far as I am informed, holds that proof of risk of damage to the tax-

payer or loss of his property by foreclosure of a lien does not constitute proof of duress. On the contrary, it seems quite clear that it does show duress. The rule applied in the opinion ought not be extended to a case such as is here averred in the declaration. The tax was void. The property had been duly exempted according to law. The fact that a tax deed issued on such sale might be set aside does not relieve the appellant from danger of injury to it through foreclosure proceedings. Duress was averred in the declaration and the demurrer thereto should have been overruled.

Mr. JUSTICE DUNCAN, also dissenting.