(No. 1385— )

MERCHANTS OIL COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 10, 1930.*

S. A. BLEISCH, for claimant.

OSCAR E. CARLSTROM, Attorney General; S. S. DUHAMEL, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

This claim is for $349.08 gasoline tax paid by claimant under provisions of the Motor Fuel Tax Act of 1927 held unconstitutional by the Supreme Court.

Claimant alleges it paid the tax in advance of its sales and that when the Act was held unconstitutional it had on hands and unsold 17,454 gallons of gasoline on which it had paid a tax of $349.08, and urges the State should re-imburse it for that sum on the grounds the gasoline had not been sold.

It is not contended that the tax was not voluntarily paid by claimant. In fact it is admitted that it was so paid. It is a familiar rule of law that money voluntarily paid can not

be recovered back. That the party making the payment is under no legal obligation to pay the money and the party to whom it is paid has no right to receive it is of no consequence where it is paid voluntarily. (*Ill. Glass Co.* v. *Chicago Tel. Co.*, 234 Ill. 535; *School of Domestic Arts* v. *Harding*, 331 Ill. 330.) In this case the tax now sought to be recovered was not due when it was paid, and the State officials charged with its collection had no right to demand its payment at that time. Claimant knew this when it made the payment, and paid the tax because it was more convenient for it to do so then than to wait till it sold the gasoline. It is not therefore entitled to recover the tax so paid. The fact that the law under which the tax was paid was later held unconstitutional does not aid the claimant in any way. At the time it paid the tax claimant believed the law to be valid and the payment was made to comply with its requirements. It is well settled that taxes so paid cannot be recovered, even though they are illegal because laid under an unconstitutional law, where there is no statute authorizing such recovery. (*Richardson Lubricating Co.* v. *Kinney*, 337 Ill. 122.) As there is no statute authorizing a recovery of taxes paid under an invalid law claimant is not entitled to an award against the State for them.

The claim is therefore denied and the case is dismissed.