(No. 2527— )

THE ARUNDEL CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 9, 1935.*

KNAPP, TUCKER & THOMAS, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Plaintiff is a Maryland corporation, duly authorized to do business in the State of Illinois. On or about June 12, 1933, it received an annual franchise tax statement from the Secretary of State of Illinois in the sum of Two Hundred Dollars ($200.00), which it paid on or about June 22, 1933. The complaint avers that the tax was assessed under a Statute then in force and that the Statute was thereafter declared to be unconstitutional and void by the Supreme Court of the State of Illinois; that notwithstanding the rule of law which prevents the recovery of money paid under a mistake of law, plaintiff now seeks a refund of said sum of Two Hundred Dollars ($200.00) under a general claim of equity and good conscience.

Under a stipulation of facts it is agreed that the minimum franchise tax on foreign corporations as fixed by Section 107 of the General Corporation Act of Illinois, under which the said tax of Two Hundred Dollars ($200.00) was assessed, was declared unconstitutional.

While the correct amount which claimant would have been compelled to pay was only Seventy-seven and 49/100 Dollars ($77.49), if it had availed itself of its statutory rights, this court is not in a position to allow an award, when plaintiff has failed to exercise such rights. This claim falls clearly within the rule as to refunds under unconstitutional Statutes. The same section involved here, i. e., 107 of the General Corporation Act was under consideration in the case of *Marx and Haas* vs. *State,* 7 C. C. R. 140 in which an award was denied.

"It is well settled in this State that a tax voluntarily paid cannot be recovered back in the absence of a Statute providing for such a recovery. It is also well settled that the fact that the Statute under which the tax was levied and collected was unconstitutional will not authorize an action for its recovery by the party paying it. (*Oppenheimer & Co.* vs. *State,* 6 Ct. Cl. 465; *Board of Education* vs. *Toennigs,* 297 Ill. 469.) The fact that the Secretary of State had no legal right to demand the tax and claimant was under no legal obligation to pay it is of no consequence unless the payment was compulsory in the sense of depriving claimant of its free will. (*Ill. Glass Co.* vs. *Chicago Tel. Co.,* 234 Ill. 535; *School of Domestic Arts* vs. *Harding,* 331 Ill. 330; *Western Electric Co.* vs. *State,* 6 Ct. Cl. 414.)"

*Wm. Wrigley, Jr. Co.* vs. *State,* 7 C. C. R. 153.
*Yates* vs. *Royal Ins. Co.,* 200 Ill. 202.

Under the existing authority the claim is denied.
Case dismissed.