(No. 2971—)

SAMUEL BLOCK, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1937.*

Claimant, pro se.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Prior to May 6th, 1936 Samuel Block and John M. Kesner were engaged in the retail liquor business at 169 N. Clark Street, Chicago. On said date they paid the sum of $58.33 to the Illinois Liquor Control Commission as the fee for the renewal of their retail liquor license for the period from May 1st, 1936 to July 1st, 1937. At that time they knew that said

John M. Kesner was to sell out his interest in the business on July 1st, 1936, but did not know that they might have taken out a license from May 1st, 1936 to June 30th, 1936. License was duly issued to them in accordance with the aforementioned payment. On July 1st, 1936 John M. Kesner sold out his interest in the business, and on July 9th, 1936 payment was made to the Illinois Liquor Control Commission in the amount of $50.00 by Samuel Block and Lawrence Croak for retail liquor license from July 1st, 1936 to June 30th, 1937, for the same premises mentioned in the aforementioned license.

Claimant takes the position that he has paid two license fees for the year commencing July 1st, 1936 and should be entitled to a refund in the amount of $50.00 covering one of such fees.

The Attorney General contends that claimant is not entitled to an award, for the reason that there is no statute which authorizes a refund of the license fee under the circumstances set forth in the complaint, and that in the absence of such statute, claimant is not entitled to a refund.

Section 119 of the Liquor Control Act provides that "A license shall be purely a personal privilege * * * and shall not constitute property * * * nor shall it be alienable or transferable voluntarily or involuntarily * * *", etc.

The first license was issued to Samuel Block and John M. Kesner and authorized them to sell alcoholic liquor at retail from May 1st, 1936 to June 30th, 1937.

When John M. Kesner sold out his interest in the business, the previous partnership was dissolved and a new firm was organized; such new firm acquired no right to sell alcoholic liquor under the license previously issued to Samuel Block and John M. Kesner. It therefore became necessary for such new firm to make application for a retail liquor license if they intended to continue in that business.

From the standpoint of the principle involved, the case stands upon the same basis as though both of the original partners had sold out to Lawrence Croak on July 1st, 1936.

Claimant apparently takes the position that he is entitled to a refund on account of the fact that from July 1st, 1936 to June 30th, 1937 there were outstanding two licenses for the same premises, covering the same period of time. There is nothing unusual about that situation. It will arise in any

case where the original license holder discontinues business for any reason during the term of the license and another person commences a similar business in the same place.

The question involved is the question as to the right of a licensee, upon the voluntary surrender of his license, after the commencement of the term, to recover the unearned portion of the license fee theretofore paid by him.

The Liquor Control Act of this State authorizes a refund of the unearned portion of a license fee in only three cases, to wit: ·

1. Where application is denied. Section 146.
2. In case of the death, insolvency or bankruptcy of the licensee, etc. Section 119.
3. Where the political subdivision, etc. in which the licensed premises are situated becomes prohibition territory during the term of the license. Section 181.

The rule of law applicable to cases of this kind in the absence of a statute on the subject is set forth in 33 Corpus Juris 572, Section 180, as follows:

"A licensee or holder of a liquor tax certificate upon the voluntary surrender of his license or certificate is not, in the absence of a statute, entitled to a rebate for the unexpired portion of his license or certificate. But in some jurisdictions provision has been made by statute for a rebate in such cases."

The same rule is set forth in 15 R. C. L. 315, Section 76, as follows:

"It seems to be well settled that ordinarily a licensee does not, on the voluntary surrender of license, become entitled to the return of the license fee, in proportion to the unexpired term in the absence of a statutory enactment to the contrary."

The question here involved was before this court in the following cases, to wit: *A. C. Robb* vs. *State*, No. 2706, decided at the January term, 1936; and *Emil Kellner & Co.* vs. *State*, No. 2546, decided at the present term of this court; in each of which cases a refund was denied.

Furthermore, both license fees were paid voluntarily, with the full knowledge of all of the facts. The courts uniformly hold, in such cases, that the licensee is not entitled to a refund. *Yates* vs. *Royal Insurance Co.*, 200 Ill. 202; *Board of Education* vs. *Toennigs*, 297 Ill. 469; *School of Domestic Arts* vs. *Harding*, 331 Ill. 330; *Richardson Lubricating Co.* vs. *Kinney*, 337 Ill. 122.

Award is therefore denied and the case dismissed.