(No. 3287—

APEX MOTOR FUEL COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 13, 1939.*

CLAIMANT, pro se.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

The complaint herein alleges in substance that during the period beginning January 1, 1935, and ending July 31, 1937, it paid to the respondent, oil inspection fees of three cents (3c) per One Hundred (100) gallons on 2,322,650 gallons of range oil, to wit, the sum of $696.80; that all of said oil was purchased and sold by claimant as range fuel oil for heating purposes, and was not subject to inspection by the respondent; that the operating department of the claimant mistakenly reported the arrival of the range oil cars to the Division of Oil Inspection of the respondent; that the respondent charged, and the claimant paid, the inspection fees thereon as above set forth; that such inspection fees were not being paid by any other firm in the industry; and claimant therefore asks for a refund of the fees so paid by it as aforesaid.

The Attorney General has entered a motion to dismiss the case on the grounds that the fees in question were paid voluntarily and under a mistake of law and therefore are not recoverable.

The Oil Inspection Act (Cahill's Ill. Revised Statutes, 1935, Chap. 104) requires an inspection and the payment of an inspection fee on "petroleum products." Section 1 of such Act provides that "petroleum products" as used in such Act "means gasoline and kerosene."

Section 5 of such Act requires the consignee of petroleum products to notify the Department of Trade and Commerce within twelve (12) hours after the receipt thereof. Section 13 fixes the inspection fee at three cents (3c) for each 100 gallons, and Section 14 provides for the payment or collection thereof.

It appears from the allegations in the complaint that the tax was paid voluntarily, and we have repeatedly held that where a tax is paid voluntarily, and with a full knowledge of the facts, it cannot be recovered. See *Western Dairy Co.*

vs. *State*, 9 C. C. R., 499; *Butler Paper Co.* vs. *State*, 9 C. C. R., 503, and cases there cited.

Assuming, but not deciding, that the statute did not require an inspection of range fuel oil, yet the act of the claimant in reporting the arrival of such range fuel oil, the inspection thereof, and the payment of the inspection fees by the claimant, were all made under a mistake of law.

It is a well established rule of law that a tax or fee paid under a mistake of law cannot be recovered. *Walzer* vs. *Board of Education*, 160 Ill. 272; *Yates* vs. *Royal Ins. Co.*, 200 Ill. 202; *School of Domestic Arts* vs. *Harding*, 331 Ill. 330; *Richardson Lubricating Co.* vs. *Kinney*, 337 Ill. 122.

Under the law as above set forth, we have no authority to allow an award, and therefore the motion of the Attorney General must be sustained.

Motion to dismiss allowed. Case dismissed.