(No. 2721— )

M. D. KNOWLTON Co., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 23, 1941.*

CLAIMANT, pro se.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

618

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The following was received from petitioner:

"We have a letter dated the 2nd of August from the Secretary of State of Springfield, Illinois, stating that he can not refund to us the taxes erroneously collected unless we make a claim through your Court of Claims.

"The amount of the refunds is so small that all of it would be used up if we went through any legal procedure or red tape. We, therefore, ask that you communicate with the Secretary of State of Springfield, Illinois and confirm these items and request him to send us his check for this amount. The amounts to be refunded are as follows:

> For the year 1932—$40.00 refund
> For the year 1933—$40.00 refund
> For the year 1934—$ 7.34 refund

making a total of $87.34.

"They have our certified copies of our annual reports for all of these years and simply made the bills out incorrectly in sending them to us. Our annual statements are on file with the Secretary of State of Springfield, Illinois and they show the proper capital stock issued.

"We would appreciate your giving this your attention in carrying out the matter as outlined—that efficiency and saving of expense may be carried out.

"No one else has any interest in this claim.

M. D. KNOWLTON COMPANY.
(Signed) F. K. KNOWLTON.
FREDERICK K. KNOWLTON, <i>Vice Pres.</i>

(SEAL)
(NOTARY PUBLIC)

Subscribed and sworn to before me this 20th day of August, 1935."

We have treated the above as a complaint. Apparently claimant did not consider it worth while to employ counsel. Apparently they are a foreign corporation. The claim was filed on August 23, 1935. The total amount of refund they are asking is $87.34.

The Attorney General puts up the facts, and it appears that claimant had its secretary's annual reports for the years mentioned, and made out the bills incorrectly in forwarding such bills to the Secretary of State.

This corporation formerly represented to the Secretary of State that it had a capital stock of $900,000.00, all of which

was issued under the general corporation act of 1919, as amended in 1927. The fees charged by the Secretary of State's office were based upon the issued stock, which issued stock would become the stated capital under the present Corporation Act of 1933. Nothing was filed with the Secretary of State showing a change of capital or a change in the issued stock until June 28, 1935.

Pursuant to Section 102, Chapter 32, of the General Corporation Act of 1919, a corporation must make a report in writing to the Secretary of State between February 1, and March 1st of each year, on forms to be furnished by the Secretary of State, and such report must disclose such facts as are necessary to enable the Secretary of State to ascertain the proportion of its capital stock represented by business transacted and tangible property located in the State of Illinois, and such other information as may be necessary or appropriate in order to assess the actual license fee or franchise tax.

Section 105 of the same chapter provides that each corporation shall pay the Secretary of State an annual license fee or franchise tax of five cents on each $100.00 or the proportion of its issued capital stock represented by business transacted and property located in this State, but in no event shall the amount be less than that required of corporations having no property or business in this State.

Section 115 of the 1933 Corporation Act made provision for the annual report to be filed by foreign corporations and requiring information in the report on numerous matters which included a statement expressed in dollars of the value of all the property owned by the corporation, wherever located, and the value of the property located within this State, and a statement expressed in dollars of the gross amount of business transacted by the corporation for the twelve months ended on the 31st of December preceding and the gross amount transacted by the corporation at or from places of business in this State.

Nothing appears in the record showing duress of any kind, or any facts which would justify this court in directing a refund by the way of recommending an award to the Legislature for the amount involved.

The question at issue in this claim seems to have arisen from the fact that a report made by the corporation of its out-

standing capitalization was $900,000.00, when, in fact, sometime in 1932 its capitalization was reduced to $300,000.00, and no formal report of such reduction was made to the Secretary of State until June 28, 1935. The annual report made by claimant for 1932 and on which assessment was made for that year, showed the capital stock as $900,000.00. Apparently the assessment for that year was correctly made. It was $50.00 based upon Section 107 of the Act above referred to, which fixed an arbitrary assessment of $50.00 on corporations having capital of more than $500,000.00 and not exceeding one million dollars, and whose business in Illinois was not sufficient to justify a higher assessment under Section 105.

Other provisions of the statute make provision for correction of errors, if made in that time, and this must be strictly followed. It is a general rule in this State that taxes paid voluntarily and not under duress cannot be recovered by the taxpayer even though the tax be illegal.

Davis vs. Board of Education, 323 Ill. 281;
Yates vs. Royal Insurance Co., 200 id 102.
and reaffirmed the case of LeFevre vs. County of Lee, 353 Ill. 30.

This court has no power or jurisdiction to waive rules of law of this kind or character. The court is a creature of the statute and has no powers except those expressly conferred upon it by statute, or such powers as are necessary to carry out the powers so conferred. It has no power to appropriate, give away, or dispose of State funds or property for a purpose not authorized by law.

Without unduly discussing this proposition, we must hold that taxes paid under the circumstances in this case cannot be recovered and claim must be denied.