THE PEOPLE *ex rel.* Herman G. Weber, Collector

*v.*

THE OHIO AND MISSISSIPPI RAILROAD COMPANY.

*Filed at Mt. Vernon October 2, 1880.*

1. TAXATION—*double taxation.* Where the local assessor assessed all of the lots in certain blocks, and also assessed 200 feet off the north side of the same as the property used for a railroad track, and the county assessor continued the assessment on his books, as to the latter strip of 200 feet, but in transferring the assessment, dropped the lots and entered the entire assessment upon the whole of the lots to the remaining 250 feet on the south side of the blocks: *Held,* that the latter strip could not be taxed for the entire blocks, but should be held for only a proportionate share of the whole valuation, to avoid double taxation.

2. SAME—*change of assessment without notice.* A county assessor is not authorized to change an assessment fixed by the local assessor upon property, without notice to the owner.

APPEAL from the County Court of St. Clair county.

Mr. GEO. W. BROCKHAUS, State's Attorney, for the People:

The collector's return, of itself, is evidence and ample evidence, unless the objecting tax payer shall show the tax to be substantially unjust.

It devolves upon him to show the injustice of the claim for judgment. *Chiniqui* v. *The People,* 78 Ill. 570.

It was the duty of the assessor to assess the real estate of the defendant, except the right of way. The State Board of Equalization is, by law, required to assess the 200 feet claimed for right of way or railroad track; and the law presumes that every officer does his duty. *Mix* v. *The People,* 86 Ill. 312.

The county court, in this proceeding, had no authority to change the assessment or to re-assess the property, and thereby defeat a portion of the tax. *Spencer & Gardiner* v. *The People,* 68 Ill. 510; *Republic Life Ins. Co.* v. *Pollock,* 75 Ill. 292.

Mr. C. A. BEECHER and Mr. GARLAND POLLARD, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an application, by the county collector, for judgment for delinquent taxes, against a number of town lots in East St. Louis. When the assessment was made, blocks 2, 19 and 22, in the Frary sub-division, were divided into lots, each block containing thirty lots. The three blocks are adjoining, and extend 900 feet east and west, and 450 feet north and south. A strip of 200 feet in width, on the north side of these blocks, was used and assessed as a railroad track, the taxes on which were paid for the year in question, leaving a strip of 250 feet on the south side subject to taxation as lands or lots.

The local assessor assessed the entire extent of the blocks as lots, in the aggregate, at $85,485. On a return of his books to the county assessor, a transfer was made, by the latter, of this assessment to another book, dropping the description as lots, but described as 250 feet on the south side of each of these blocks, but he retained the valuation of $85,485, fixed on the full quantity in each block, including the portion used, and assessed as railroad track.

The assessment was returned, as thus made, to the Board of Equalization, and there was a deduction of 36 per cent on railroad and city lots in St. Clair county. That reduced this assessment on this property from $85,485, the local, to $54,710, the equalized assessment, but the valuation was still on the entire blocks, deducting no portion for railroad track. On this latter sum the county clerk extended the State, county and other municipal taxes. It seems the mistake was seen by the officers, but the collector being of the opinion that he had no power to correct the mistake, declined to receive the proportionate amount, and return the tax satisfied. It was thereupon agreed the question should be raised on an application for a judgment against the land, for the delinquent

taxes thereon, which was done, and presents the question to this court.

The county clerk, as required by the board, extended the East St. Louis city taxes at 17 mills on the dollar, but the collector had been enjoined from the collection of more than 10 mills on the dollar, of that tax, and he asked judgment for no more. The railroad company did not ask to be relieved from the whole tax, but only objected to paying four-ninths, or more than the proportion the strip of 250 feet on the south side bore to the full amount of the blocks. On a hearing, the court below allowed the objection, and rendered a judgment for five-ninths of all but the city tax, and five-ninths of 10 mills on the dollar, on that tax. And from this judgment the people appeal and urge a reversal.

It is perfectly manifest, if a judgment should be reversed for the taxes as extended on the collector's books, that the south 250 feet of these blocks would be subjected to within a comparatively small amount of double the sum that is legally imposed on it. The valuation was placed on the entire blocks, and afterwards, without authority of law, four-ninths of that valuation was shifted to and imposed upon the strip of 250 feet on the south side of the blocks. The full valuation of these blocks was imposed on this south strip, and the north strip of 200 feet left to bear the full burthen of the tax imposed on it. This was not authorized, any more than for the assessor to have taken the assessment placed on the property of another owner, of an equal amount, and placed it on this property.

We are aware of no law, nor have we been referred to any, which authorizes the county assessor to change the assessment fixed upon property by the local assessor, without notice to the owner. To exercise such a power, would be liable to lead to great abuses.

The 191st section of the Revenue law provides, that when objection is made, in the manner prescribed, to the rendition of judgment against lands, or town lots, for taxes, the court

shall hear the evidence and determine the matter, in a sum-
mary manner, without pleadings, and shall pronounce
judgment as the right of the case shall require. In this
case, the right only requires that the railroad company shall
pay its due proportion of taxes on a fair assessment and valu-
ation, as it was made by the local assessor, who was author-
ized to fix its value. It has paid on the 200 feet used for
track purposes, and should only pay on the remainder on the
proportionate valuation of these blocks.

The law does not authorize double taxation. On the
contrary, the 268th section of the Revenue act provides, that,
in case where taxes have been twice paid, or property twice
assessed, on application, the county board shall cause the
State and county tax to be refunded by the State and county;
and the same section requires the authorities of cities to refund
city taxes. The same provision is made as to other municipal
bodies, thus requiring but one tax to be paid on the same
property for one year.

To have rendered this section available, the company
would have been required to pay the taxes before applying to
have them refunded. It can not be that the law requires the
performance of so useless an act before affording relief.

Here, the valuation was wrongfully doubled on a portion
of the property, and hence illegal. Had the tax been paid,
the county board and other municipal authorities would have
been required to cause a *pro rata* portion of the tax to be
refunded, and at the end of all the proceedings, the State,
county and other municipalities would have had the same
amount of taxes, and no more. And, the law requiring the
court to pronounce judgment according to the right, there
would seem to be no question that the court had power to hear
and pronounce judgment in the case, and if so, right, justice,
and the prevention of wrong, required the court to render the
judgment it did. The judgment must be affirmed.

*Judgment affirmed.*