## Alton Light & Traction Company v. James A. Rose, Secretary of State.

1. DECLARATION—*how, should be framed.* A declaration in a case should set up facts from which conclusions of law follow, and the allegation of mere conclusions without such facts is of no avail.

2. INCORPORATION FEES—*when, cannot be recovered back.* Where fees have been paid to the Secretary of State under no duress, they cannot be recovered back, notwithstanding their exaction may have been based upon an erroneous construction of the law under which they were claimed.

Action of assumpsit. Appeal from the Circuit Court of Sangamon County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed November 18, 1904.

HENRY S. BAKER and LEVI DAVIS, for appellant.

H. J. HAMLIN, Attorney General, and GEORGE B. GILLESPIE, Assistant Attorney General, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Appellant filed its declaration in assumpsit in the Circuit Court of Sangamon county to recover from appellee the sum of $1,045, demanded and collected from appellant by appellee, as Secretary of State, as a fee for filing two certificates of corporate consolidation. The declaration alleges that appellant is a consolidated corporation organized under the laws of Illinois, with a capital stock of $1,000,000; that appellant was formed by the consolidation

of two corporations organized under the laws of Illinois, each of which corporations had a capital stock of $500,000; that each of such constituent corporations had paid to appellee, as Secretary of State, all the fees required by law for the incorporation of a company having a capital stock of $500,000; that a certificate of the consolidation of said two constituent corporations was, on the 30th day of July, 1903, executed by the president and secretary of each of said corporations and verified by the affidavit òf the president; that said certificates, made in duplicate, were on the same day forwarded by mail to appellee, together with a fee of one dollar for each certificate; that on the same day like certificates were sent by mail to the recorder of deeds of Madison county and duly filed by him; that the said certificates sent to appellee were, on August 5, 1903, returned by appellee to appellant, appellee refusing to file the same unless a fee of $1,045 was paid therefor to him; that after said certificates had been forwarded to appellee, as aforesaid, appellant being advised and believing that the said consolidation had been effected and that it was a duly constituted consolidated corporation, entered into contracts and made many business arrangements with respect to said consolidation and other preparations which affected the character and nature of its business; that on August 10, 1903, appellant presented said certificates to appellee and demanded that he file the same as by law directed, and appellant at the same time tendered to appellee the usual fee of one dollar for each certificate; that appellee refused to accept and file such certificates for the fee tendered, but demanded a fee of $1,045 for filing said certificates and required appellant to pay said sum, which appellant charges to be excessive and without warrant or authority in law; that thereupon appellant under the demand, pressure and compulsion of the defendant paid appellee said sum.

To this declaration appellee interposed a general demurrer, which was sustained by the court, and appellant electing to abide by its declaration, judgment was rendered against it in bar of the action and for costs.

The fees sought to be recovered, appear from the allegations of the declaration to have been paid by appellant to appellee voluntarily, without legal duress or compulsion. There is in the declaration no allegation that appellant was ignorant of the fact involved in the transaction, nor that any fraud or imposition was practiced upon its officers. At most, the allegations of the declaration evidence a mere disagreement as to the law; appellee contending that under section 1 of the act entitled "Fees for the incorporation and increase of capital stock," etc., Hurd's Stat. 1903, 951, he was required to collect the same fees upon the capital stock of a consolidated corporation as upon the capital stock of a corporation newly organized before he was authorized to file in his office the certificates of such incorporation, and the officers of appellant contending that the constituent consolidating corporations having paid the statutory fee upon the capital stock of each at the time of their respective incorporations, appellee had no authority to require appellant to pay a fee upon the capital stock of the consolidated corporation. In Yates v. Royal Ins. Co., 200 Ill. 202, it was held that the mere fact that the statute imposing a tax is unconstitutional, and the tax for that reason illegal, does not authorize recovery of the amount paid, if it was paid voluntarily. The allegation in the declaration that "under the demand, pressure and compulsion on the part of said defendant, the said plaintiff paid said sum of $1,045," is merely a statement of the pleader's conclusion. No facts are alleged justifying the conclusion that appellant was under duress or compulsion, nor is it alleged that the payment was made by appellant with any reservation of its rights.

In Yates v. Royal Ins. Co., *supra*, the court quotes approvingly from Cooley on Taxation as follows: "All payments are supposed to be voluntary until the contrary is made to appear. Nor is the mere fact that a tax is paid unwillingly or with complaint, of any legal importance, but there must be in the case some degree of compulsion, to which the taxpayer submits at the time, but with notifica-

tion of some sort equivalent to reservation of rights." We regard the opinion of the court in Yates v. Royal Ins. Co., *supra*, as decisive of the question here involved.

It appearing from the allegations of the declaration that appellant paid the fee demanded by appellee, voluntarily, without legal duress or compulsion and without protest or notice of reservation of its rights in the premises, it cannot recover the same back, and the court properly sustained the demurrer to the declaration. The judgment is affirmed.

*Affirmed.*