(No. 23472.—

·COOPER KANALEY ·& Co. Appellant, *vs.* JOSEPH L. GILL, County Treasurer, Appellee.

*Opinion filed April 24, 1936—Rehearing denied June 4, 1936.*

ADAMS, NELSON & WILLIAMSON, (ROBERT MCCORMICK ADAMS, and PAUL S. DAVIS, of counsel,) for appellant.

COOKE, SULLIVAN & RICKS, (HOMER D. DINES, JOHN D. COOKE, JR., and R. J. DALEY, of counsel,) for appellee.

Mr. JUSTICE HERRICK delivered the opinion of the court:

The appellant here filed its amended petition in the county court of Cook county under section 268 of the Revenue act of 1872 as amended in 1935; seeking a refund in the sum of $2001.24 out of the taxes voluntarily paid by it for the tax years 1929-1930.

The allegations of the petition, in substance, were, that the real estate in question was twice assessed for the gen-

eral taxes for the years 1929 and 1930, and that petitioner paid such taxes based on such erroneous assessments. Attached to the petition as exhibits were (1) a certificate by the assessor of Cook county dated November 27, 1935, showing the error in arriving at the assessed value of the property in question and stating if such error were a basis of refund on the amount of tax overpaid it would be based on $15,207 assessed value times the tax rate of the town of Lake View for the years 1929-1930; and (2) a written statement by the State's attorney of Cook county bearing date of December 3, 1935, setting forth the report of the assessor showing the error made in the assessment of the property in question for the years 1929 and 1930, the pay-. ment of the full amount of the taxes for those years based upon the erroneous valuation, and stating therein his opinion that the assessment against petitioner's property for those years was a double assessment within the provision of section 268 of the Revenue act, and that in his opinion a refund in the sum of $2001.24 should be granted petitioner. The prayer of the petition was denied by the trial court, and its action in refusing relief under section 268 is the error relied upon here.

Since the Revenue act is involved and the State interested in the litigation the cause has been brought to this court by direct appeal.

The facts in the case are not in dispute. No fraud in the assessment was alleged or proved, and if petitioner is entitled to the refund it is conceded that the amount prayed for is correct.

The property in question was improved by a one-story building while on the lot east of it was a three-story hotel building. By mistake of a clerk in the assessor's office the hotel building on the property to the east was placed on the record card of the property in question, and through this error an excess value on the property in question was created, including land and building, in the sum of $15,207

assessed value. The former owner of the premises in question filed objections to the application for judgment and order of sale for taxes extended for the year 1928, but the county court did not pass upon the objections until November 27, 1934, when it sustained the objections and refused judgment for that portion of the taxes extended on an assessed value of $15,207. This action of the court was based upon a re-check made by the assessor on September 6, 1934, disclosing the error in the assessment upon which the taxes for the year 1928 had been extended. In the meantime, and before such re-check of the objections to the 1928 taxes by the county court, the taxes for the years 1929-1930 in question were paid by petitioner voluntarily.

Section 268 of the Revenue act, so far as material to the issue here, is: "If any real or personal property shall be twice assessed for the same year, or assessed before it becomes taxable, and the taxes so erroneously assessed shall have been paid, either at sale or otherwise, or have been twice paid by different claimants, the county court, on petition of the person paying the same, or his agent, and being satisfied of the facts in the case, shall direct the county collector to refund such taxes and deduct the amount thereof, *pro rata,* from the moneys due the various taxing bodies or their legal successors which received the same," etc. Ill. State Bar Stat. 1935, chap. 120, par. 283, p. 2663.

In support of its contention that it is entitled to relief under section 268, appellant makes the ingenious argument, in substance, that after one single, complete assessment of one assessable property has been made, any addition to this assessment, by mistake or otherwise, would be double to the extent of the addition, and that any erroneous addition to one full assessment is double to the extent of the addition, and any double assessment must be an erroneous addition to one full assessment of the same property. On the basis of this argument appellant claims that inasmuch as the

assessment on its property was increased through the admitted error of calculating its value on the basis of there being a three-story hotel building instead of a one-story building on the property, the taxes resulting from such erroneous increase in valuation constitute double taxation to the extent of the error in valuation, and contends, as supporting its contention, that the words "twice assessed," used in section 268, mean or include double assessment— *i. e.,* any erroneous addition to a full assessment under the statute—and cites and relies upon *People* v. *Ohio and Mississippi Railroad Co.* 96 Ill. 411, *Champaign County* v. *Reed,* 100 id. 304, and 106 id. 389, *Chicago and Alton Railroad Co.* v. *People,* 99 id. 464, and *Sanitary District* v. *Young,* 285 id. 423, each of which was an action brought for refund under section 268.

We have carefully examined the above authorities. In our opinion none of these cases sustain the theory on which appellant here seeks relief. In *Champaign County* v. *Reed, supra,* it was held that land owned by the Illinois Central Railroad Company which was exempt from taxation so long as it was held by the railroad did not become taxable because the railroad had contracted to sell the property, unless the purchaser had paid the purchase price. The other cases cited involved refunds claimed either because the property had been twice assessed in the same year by the same assessing officers, or where one assessment had been made by one assessing officer and another assessment had been made against the same property by a different assessing authority in the same year. It is apparent that in none of these cases were the facts similar to or analogous to this case. The instant case is simply one of over-assessment or excessive assessment and is not an example of property "twice assessed." Where taxes have been voluntarily paid in full on an over-assessment, due to arriving at a value based on mistake either of fact or judgment or other error on the part of the assessor, and where fraud

was not an element in the over-assessment, courts are without jurisdiction to afford relief. (*People* v. *Women's Athletic Club,* 360 Ill. 577; *People* v. *Beemsterboer,* 356 id. 432; *Jeffery Building Corp.* v. *Harding,* 347 id. 336; *Kinderman* v. *Harding,* 345 id. 237; *Hettler Lumber Co.* v. *Cook County,* 336 id. 645.) In the latter case we pointed out that the sole remedy of a tax-payer for correcting an erroneous over-assessment not fraudulently made is an application for an abatement to such statutory agency as has been provided for hearing it, namely, under the present statute, to the assessor or the board of appeals. Had appellant examined the records in the assessor's office required to be kept by rule 14 of the State Tax Commission, and which records, under said rule, were at all times accessible to it, the mistake in valuation would have been instantly detected and correction could there have been secured.

Under our Revenue act an assessment denotes the fixing of value of property for the purpose of applying a tax rate or rates thereto and so arriving at the amount of taxes to be extended against it, as distinguished from over-assessment or so-called double assessment. "Twice assessed," within the meaning of section 268, means that the assessor has fixed the value once for the purpose of taxation and has entered that value on the assessment books as the assessment against a designated tract, and that either such assessment has through error or otherwise been again entered on the assessment records, or that the assessor or some other assessing body claiming jurisdiction to assess the same property for taxation has again fixed the value of the same property for the purpose of taxation. The language of section 268 does not admit of extending or enlarging its plain provisions beyond their clear import. The facts here do not bring the cause within the purview of section 268.

The judgment of the county court of Cook county was correct.                          *Judgment affirmed.*