(No. 2608—■)

NILES CENTER MERCANTILE CO., AN ILLINOIS CORPORATION, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed February 10, 1937.*
*Rehearing granted June 30, 1937.*
*Opinion on rehearing filed September 15, 1937.*

Claimant, pro se.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

An opinion was filed in above matter on February 10th, 1937; rehearing was allowed, and upon rehearing, the following opinion is substituted for the original opinion herein:

Claimant filed its complaint herein on February 18th, 1935 and therein asks an award in the amount of $63.00 on account of an annual over-payment of franchise tax in the amount of $9.00 for the years 1926 to 1933, both inclusive, except the year 1928.

Section 10 of the Court of Claims Law provides that every claim against the State cognizable by the Court of Claims shall be forever barred unless the claim is filed with the secretary of the court within five years after the claim first accrues. The complaint herein was filed February 18th, 1935, and we are therefore limited to a consideration of the overpayments claimed to have been made by claimant subsequent to February 18th, 1930.

From the evidence in the record it appears that for the years 1930, 1931, 1932 and 1933 claimant duly filed its annual report with the Secretary of State on the forms prepared by such Secretary; that each of such reports lists the amount of the authorized capital stock of the corporation at $50,000.00; the total amount of capital stock issued at $32,000.00; and the value of the consideration actually received by the corporation for such stock at $32,000.00; that in each of such years (1930, 1931, 1932 and 1933) claimant was assessed and paid an annual franchise tax in the amount of $25.00.

It is admitted that on the basis of such annual reports, claimant should have been assessed on the total amount of capital stock issued, and required to pay an annual franchise tax in the amount of $16.00, to wit, $9.00 less than it actually paid, and that the error was the result of inadvertence or mistake in the office of the Secretary of State.

It is a well-settled principle of law that a tax voluntarily paid, with a full knowledge of the facts, cannot be recovered back, in the absence of a statute authorizing such recovery. It is equally well established that where a tax is paid under a mistake of fact, such payment is considered as not having been voluntarily made, and may be recovered. *Yates* vs. *Royal Insurance Co.*, 200 Ill. 202; *Board of Education* vs. *Toennigs*, 287 Ill. 469; *School of Domestic Arts* vs. *Harding*, 331 Ill. 330; *Richardson Lubricating Co.* vs. *Kinney*, 337 Ill. 122; *Hettler Lumber Co.* vs. *Cook County*, 336 Ill. 645; *Cooper Kanaley & Co.* vs. *Gill*, 363 Ill. 418; *American Can Co.* vs. *Gill*, 364 Ill. 254.

The difficulty arises in determining whether under the facts in the particular case, payment was made voluntarily, or whether it was made under a mistake of fact.

This claim arose prior to the adoption of ''The Business Corporation Act'' of this State, and therefore the rights of the claimant herein must be governed by the provisions of The General Corporation Act of this State, approved June 12th, 1919, in force July 1st, 1919 as amended.

Section 111 of such Act provides that the Secretary of State shall have power to hear and determine objections to any assessment within the time specified in the Act, and after hearing, to change or modify such assessment.

Section 112 of the same Act provides that between the first day of February, and the 15th day of June of each year,

the Secretary of State shall mail a notice in writing to each corporation against which a tax is assessed, notifying such corporation of the amount of the tax assessed against it, and that objections, if any, to such assessment will be heard by the officer making such assessment, upon request by the corporation on a date not later than the 25th day of June, etc.

The record fails to show that any objection was made by claimant to the tax assessed against it, or that a hearing was requested by the claimant, in accordance with the provisions of Section 112.

The identical question here involved was presented to this court in the case of *Handy Button Machine Co.* vs. *State*, No. 2786, decided upon rehearing, at the present term of this court. In that case, after a consideration of the authorities on the question, we held as follows:

"The statute provided a remedy for the claimant but it failed to take advantage thereof. It paid the tax voluntarily, with a full knowledge of all the facts, and consequently under the decisions above referred to, the payment must be considered as having been voluntarily made, and claimant therefore is not entitled to a refund."

What we said in that case applies with equal force to the case at bar, and award must therefore be denied.

Award denied. Case dismissed.