(No. 2916—

*Opinion filed June 3, 1937.*
*Rehearing denied June 11, 1937.*

EDELSON & PAULLIN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant filed its complaint herein on June 22d, 1936, and seeks to recover the sum of $194.66 which it alleges it overpaid to the Secretary of State as franchise tax for the years commencing July 1st, 1934 and July 1st, 1935.

It appears from the complaint that on February 3d, 1934 claimant filed its annual report with the Secretary of State, in which it set forth that the sum of its stated capital and paid in surplus for the year commencing July 1st, 1934 was $1,281,876.25. A similar report was made for the year commencing July 1st, 1935, and the Secretary of State thereafter assessed, and the claimant paid, a franchise tax of $640.95 in each of such years, said tax being based upon the sum of the stated capital and paid in surplus as set forth in the annual report filed by the claimant in each year, as aforesaid.

Claimant alleges that its stated capital and paid in surplus for the years commencing July 1st, 1934 and July 1st, 1935 was inadvertently set forth in its aforementioned annual reports at $1,281,876.25, and that the same should have been $1,087,210.98; that by reason of its error as above set forth, it paid the sum of $97.33 for each of such years in excess of the amount it was legally required to pay, and asks for an award for the amount of such excess payments.

On June 1st, 1936 claimant caused to be filed in the office of the Secretary of State its supplemental annual report for the year commencing July 1st, 1934, setting forth a total of stated capital and paid in surplus in the sum of $1,087,210.98.

Section 133 of The Business Corporation Act of this State provides that the annual franchise tax payable by each domestic corporation shall be computed at the rate of one-twentieth of one per cent for the twelve-month period commencing on the first day of July of the year in which the tax is payable.

Section 132 of The Business Corporation Act provides as follows:

"The basis for the annual franchise tax payable by domestic corporations shall be the amount represented in this State, determined in accordance with the provisions of this section, of the sum of its stated capital and paid in surplus, on the thirty-first day of December of the preceding calendar years, minus the amount by which the sum of the stated capital and paid in surplus may have been reduced after the thirty-first day of December of the preceding calendar year and prior to the 25th day of June of the current calendar year as disclosed by any report or document filed by it with the Secretary of State."

In its annual reports for the years 1934 and 1935, claimant set forth that the sum of its stated capital and paid in surplus on December 31st of the preceding year was $1,281,875.25, and it was assessed and paid a tax upon that amount.

The supplemental annual report for 1934, which was filed June 1st, 1936, could not be effective until after the same was filed in the office of the Secretary of State, and therefore it could have no effect on the amount of the franchise tax for the years commencing July 1st, 1934, and July 1st, 1935, which taxes had been paid long prior to the filing of such supplemental report. It was effective for the year commencing July 1st, 1936 and claimant's franchise tax for that year was reduced accordingly.

The question here involved is whether a corporation which has paid an excessive franchise tax, as the result of its own mistake or error, is entitled to recover the amount of the excess so paid.

The rule is well established in this State that where an illegal or excessive tax is paid voluntarily, with full knowl-

edge of all the facts, the same cannot be recovered. It is equally well established that where such tax is paid under a mistake of fact, it is not considered as having been paid voluntarily; also that where such tax is paid under a mistake of law, it may not be recovered. *Alton Light & Traction Co. vs. Rose,* 117 Ill. App. 83; *Yates vs. Royal Insurance Co.,* 200 Ill. 202; *Board of Education vs. Toennigs,* 287 Ill. 469; *School of Domestic Arts vs. Harding,* 331 Ill. 330; *Richardson Lubricating Co. vs. Kinney,* 337 Ill. 122; *Hettler Lumber Co. vs. Cook County,* 336 Ill. 645; *Cooper, Kanaley & Co. vs. Gill,* 363 Ill. 418; *American Can Co. vs. Gill,* 364 Ill. 254.

The difficulty arises not with the principles of law but with the application of such principles to the particular case.

In this case the facts with reference to the amount of its stated capital and paid in surplus were peculiarly within the knowledge of the claimant; there was no mistake on the part of the Secretary of State who assessed the tax in accordance with the annual report prepared and filed by the claimant; the only error was that of the claimant. No objection was made to the assessment, and no request for a hearing thereon was made in accordance with the provisions of Section 143 of The Business Corporation Act.

There are numerous authorities to the effect that where an illegal or excessive tax is imposed by reason of the negligence or inadvertence of the taxpayer, and thereafter paid by him, such payment is not made under a mistake of fact, and cannot be recovered. *Bateson vs. City of Detroit,* 143 Mich. 582; *Cooley on Taxation,* 4th Edition, sec. 1295; *Shenango, etc. vs. Fairfield Township,* 229 Pa. 357; *Dubuque & Sioux City R. Co. vs. Board of Supervisors,* 30 Ia. 16; *O'Reilly vs. Clark,* 48 R. I. 407; 61 Corpus Juris, p. 992, sec. 1270; *National Lock Co. vs. State,* 8 C. C. R. 320; *Seth Seiders, Inc. vs. State,* 7 C. C. R. 9.

On the record before us, and under the law as above set forth, claimant is not entitled to an award.

Award is therefore denied and the case dismissed.