(No. 2786—

HANDY BUTTON MACHINE COMPANY, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed September 15, 1937.*

STAVINS & PERLMAN, for claimant.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

An opinion was filed in above matter on February 10th, 1937.; rehearing was allowed, and upon rehearing, the following opinion is substituted for the original opinion herein:

Claimant filed its complaint herein on December 28th, 1935, and therein asks an award in the amount of $87.50 on account of an annual overpayment of franchise tax in the

amount of $12.50 for the years 1927 to 1933, both inclusive.

Section 10 of the Court of Claims Law provides that every claim against the State cognizable by the Court of Claims shall be forever barred unless the claim is filed with the Secretary of the Court within five years after the claim first accrues. The complaint herein was filed December 28th, 1935, and we are therefore limited to a consideration of the overpayments claimed to have been made by claimant subsequent to December 28th, 1930.

From the evidence in the record it appears that for the years 1931, 1932 and 1933 claimant duly filed its annual report with the Secretary of State on the forms prepared by such secretary; that each of such reports listed the total amount of capital stock issued at $225,000.00; that in each of such years (1931, 1932 and 1933) claimant was assessed and paid an annual franchise tax in the amount of $125.00.

It is admitted that on the basis of such annual reports, claimant should have been assessed and required to pay an annual franchise tax in the sum of $112.50, to-wit, $12.50 less than it actually paid, and that the error was the result of inadvertence or mistake in the office of the Secretary of State.

It is a well-settled principle of law that a tax voluntarily paid, with a full knowledge of the facts, cannot be recovered back, in the absence of a statute authorizing such recovery. It is equally well established that where a tax is paid under a mistake of fact, such payment is considered as not having been voluntarily made, and may be recovered. *Yates* vs. *Royal Insurance Co.*, 200 Ill. 202; *Board of Education* vs. *Toennigs*, 287 Ill. 469; *School of Domestic Arts* vs. *Harding*, 331 Ill. 330; *Richardson Lubricating Co.* vs. *Kinney*, 337 Ill. 122; *Hettler Lumber Co.* vs. *Cook County*, 336 Ill. 645; *Cooper Kanaley & Co.* vs. *Gill*, 363 Ill. 418; *American Can Co.* vs. *Gill*, 364 Ill. 254.

The difficulty arises in determining whether under the facts in the particular case, payment was made voluntarily, or whether it was made under a mistake of fact.

This claim arose prior to the adoption of "The Business Corporation Act" of this State, and therefore the rights of the claimant herein must be governed by the provisions of The General Corporation Act of this State, approved June 12th, 1919, in force July 1st, 1919 as amended.

Section 111 of such Act provides that the Secretary of State shall have power to hear and determine objections to any assessment within the time specified in the Act, and after hearing, to change or modify such assessment.

Section 112 of such Act provides that between the first day of February, and the 15th day of June of each year, the Secretary of State shall mail a notice in writing to each corporation against which a tax is assessed, notifying such corporation of the amount of the tax assessed against it, and that objections, if any, to such assessment will be heard by the officer making such assessment, upon request by the corporation on a date not later than the 25th day of June, etc.

The record fails to show that any objection was made by claimant to the tax assessed against it, or that a hearing was requested by the claimant, in accordance with the provisions of Section 112.

In an annotation appearing in 64 A. L. R., on page 55, the annotator after considering a large number of cases from different jurisdictions, reaches the following conclusion:

"According to this line of cases, representing, probably, the weight of authority, where the taxpayer has some other legal remedy or protection against the coercive acts of the collecting officer, he is bound to avail himself thereof, and if he neglects to do so, and pays the tax, such payment is deemed voluntary."

In Cooley on Taxation, 2d edition, page 810, the author says:

"All payments are supposed to be voluntary until the contrary is made to appear. Nor is the mere fact that a tax is paid unwillingly or with complaint, of any legal importance, but there must be in the case some degree of compulsion, to which the taxpayer submits at the time but with notification of some sort equivalent to reservation of rights."

The foregoing statement is quoted with approval by our Supreme Court in the case of *Yates* vs. *Royal Insurance Co.*, 200 Ill. 202, in which case the plaintiff sought to recover certain taxes which it had paid pursuant to the provisions of a law which was thereafter held to be unconstitutional. The court in that case held that the payment was voluntarily made, and that the plaintiff was not entitled to recover.

In the case of *Walzer* vs. *Board of Education*, 160 Ill. 272, the County Clerk erroneously entered certain real estate upon the tax collector's book as being in School District No. 1, whereas, in fact, it was located in District No. 2. The property owners paid the tax without knowledge of the mistake.

The amount paid was in excess of what they would have been required to pay if assessed in the proper district. In denying a right of recovery, the court, on page 275, said:

"The tax levied by District No. 1, as extended on lands belonging to District No. 2, was an illegal and void tax. That tax was paid by the owners of the property so illegally assessed, voluntarily. The books were open to inspection by the taxpayers, and the means of knowledge existed to learn and know all the facts. Money paid voluntarily by one with knowledge or means of knowledge of all the facts cannot be recovered back."

In the recent case of *Cooper Kanaley Co.* vs. *Gill,* 363 Ill. 418, a clerk in the assessor's office by mistake marked on the record card of plaintiff's property the fact that it was improved by a three-story hotel, and the property was assessed accordingly. As a matter of fact, the three-story hotel was on an adjoining lot. As a result of this mistake, plaintiff's taxes were over $2,000.00 in excess of what they would have been, had no mistake been made. In deciding that the payments were made voluntarily, and therefore could not be recovered, the court said:

"Where taxes have been voluntarily paid in full on an over-assessment, due to arriving at a value based on mistake either of fact or judgment or other error on the part of the assessor, and where fraud was not an element in the over-assessment, courts are without jurisdiction to afford relief."

The statute provided a remedy for the claimant, but it failed to take advantage thereof. It paid the tax voluntarily, with a full knowledge of all the facts, and consequently under the decisions above referred to, the payment must be considered as having been voluntarily made, and claimant therefore is not entitled to a refund.

Award denied. Case dismissed.