(No. 24197.—)

THE ANGLO-AMERICAN PROVISION COMPANY, Appellant, *vs.* HORACE G. LINDHEIMER, County Collector, Appellee.— THE NORTH AMERICAN PROVISION COMPANY, Appellant *vs.* HORACE G. LINDHEIMER, County Collector, Appellee.

*Opinion filed October 22, 1937.*

CHARLES J. FAULKNER, JR., DAVID L. KREBS, JR., and WALTER C. KIRK, for appellants.

THOMAS J. COURTNEY, State's Attorney, (MARSHALL V. KEARNEY, JACOB SHAMBERG, and BRENDAN Q. O'BRIEN, of counsel,) for appellee.

Mr. CHIEF JUSTICE FARTHING delivered the opinion of the court:

In computing the value of the property belonging to the Anglo-American Provision Company for the years 1928 to 1931, both inclusive, known as lot 3, and of the North American Provision Company, known as block 2, the taxing authorities in Cook county multiplied the gross areas in square feet by the rate per square foot of ninety cents, as shown by the cards required to be made and kept in

conformity to rule 14 of the Illinois State Tax Commission. No deduction was made from the gross areas although the Union Stock Yards and Transit Company owned 20,683 square feet out of lot 3, and 40,275 square feet out of block 2. When the two tracts were listed on the assessment books for the various years, in each instance the right-of-way was excepted in the description of both parcels. The right-of-way was assessed as railroad property for all those years by the Illinois State Tax Commission and the transit company paid the taxes on it. The provision companies paid the taxes assessed against their respective tracts for the years in question without knowing of the mistake in computation. Both provision companies filed suits for tax refunds, and the county court of Cook county consolidated the two suits. Judgments were rendered against the claimants and since the revenue is involved, they have appealed directly to this court.

The sole question presented is whether, under these circumstances, the right-of-way has been twice assessed. As amended in 1935, section 268 of the Revenue act of 1872 provides: "If any real or personal property shall be twice assessed for the same year, or assessed before it becomes taxable, and the taxes so erroneously assessed shall have been paid, either at sale or otherwise, or have been twice paid by different claimants, the county court, on petition of the person paying the same, or his agent, and being satisfied of the facts in the case shall direct the county collector to refund such taxes and deduct the amount thereof, *pro rata,* from the moneys due the various taxing bodies or their legal successors which received the same. * * * No claim for refund shall be allowed unless a petition therefor is filed within five years from the date the right to a refund arose." (Laws of 1935, p. 1174.) The taxes for 1928 were paid on July 10, 1930, and the suits were filed on February 26, 1936. The appellants' claims for refund of 1928 taxes were therefore barred.

Appellants cite and rely on *People* v. *Ohio and Mississippi Railroad Co.* 96 Ill. 411, and *Barber* v. *County of Jackson,* 40 Ill. App. 42. In the first of these two cases, the local assessor had assessed as lots, three city blocks, although the north two hundred feet of these three blocks was railroad property and had been assessed as such. When the local assessor's books were returned to the county assessor, the latter transferred the assessment to another book. He dropped the description as lots and described the property as two hundred fifty feet off of the south side of each of the three blocks. He retained the aggregate valuation fixed on the full quantity of land in each block, including the portion used and assessed as railroad property. There was an application for judgment and an order of sale for delinquent taxes to which objection was made. We held that what was done amounted to an increase in the assessment of the objector's real estate, made without notice, and that the assessment was void. That case involved no claim for a refund, and no question as to what construction should be given section 268 of the 1872 Revenue act. In the other case, Barber sued the county of Jackson for a refund of taxes on fractional section 23 in township 10 south of range 4 west of the third principal meridian. This fractional section contained only forty-one acres. However, the lands in it were assessed in three parcels, the first of which was two acres, the second forty-seven acres and the third twenty acres. The taxes had been paid regularly on the first two parcels but default had been made in payment of the taxes on the twenty acres from 1877 to 1886, when Barber bought the tract, at which time the taxes, interest and penalties amounted to $385.89. It was to recover this amount that Barber's suit was brought. It is clear that where taxes were paid on the forty-nine acres supposed to be included in the first two tracts and there were but forty-one acres in the entire fractional section, if taxes were then paid on an additional twenty acres supposed to

be also a part of that fractional section there would be a double assessment and double payment.

In the case before us the only property described in the assessment books was lot 3, except the right-of-way, and block 2, except the right-of-way, etc. The error made in computing the area and value of the two tracts cannot be said to amount to assessing the right-of-way property twice. It is only an overvaluation of the lands appellants actually own. If the appellants had examined the cards in the assessor's office they would have discovered the errors. They could have obtained relief before the taxing authorities. This case is similar to *Cooper Kanaley & Co.* v. *Gill,* 363 Ill. 418, and *American Can Co.* v. *Gill,* 364 id. 254, and is controlled by what we there said.

The judgments of the county court of Cook county are right and they are affirmed.

*Judgments affirmed.*