(No. 3169— ▮▮▮▮▮)

Lucy C. F. Chetlain, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed March 11, 1941.*

Chetlain & Chetlain, for claimant.

George F. Barrett, Attorney General; Murray F. Milne, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

The complaint herein alleges in substance that in making application for a license for her Packard automobile for the year 1936 the claimant correctly stated that the horsepower of the automobile was 32.5; that in making remittance therefor, claimant sent a check for $17.00, which was the license fee required for automobiles with a horsepower of 35 or over; that the license fee for claimant's automobile for the year 1936 was $10.50, and that she is entitled to a refund of the amount overpaid, to wit, $6.50.

The Attorney General has entered a motion to dismiss the claim for the reason that the complaint does not allege that the excess fee paid was paid under protest, duress or compulsion, or that there is a statute authorizing such refund.

It is a well settled rule of law in this State that where a tax or license fee is paid voluntarily and not under protest, compulsion or duress, it may not be recovered; also that where such tax or license fee is paid under a mistake of fact, it is considered as having been involuntarily paid and therefore may be recovered.

It is also well settled that where a tax or license fee is paid under a mistake of law, no recovery may be had. (*Alton Light & Traction Co.* vs. *Rose*, 117 Ill. App. 83; *Yates* vs. *Royal Insurance Co.*, 200 Ill. 202; *Board of Education* vs. *Toennigs*, 297 Ill. 469; *School of Domestic Arts* vs. *Harding*, 331 Ill. 330; *Richardson Lubricating Co.* vs. *Kinney*, 337 Ill. 122; *Hettler Lumber Co.* vs. *Cook County*, 336 Ill. 645; *Cooper, Kanaley & Co.* vs. *Gill*, 363 Ill. 418; *American Can Co.* vs. *Gill*, 364 Ill. 254.)

Under the facts set forth in the Complaint, it is clear that the license fee in question was paid voluntarily, and not under protest, compulsion or duress. It is also clear that the same was not paid under a mistake of fact, as the application correctly set forth the horse power of the automobile. The most that can be said from the standpoint of the claimant is that the mistake in remitting more than the amount which was required by the provisions of the Motor Vehicle Law was a mistake of law. In any such event, under the authorities above cited we have no authority to allow an award.

The motion of the Attorney General must therefore be sustained. Motion to dismiss allowed. Case dismissed.