(No. 3043—

H. D. HILEMAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 11, 1941.* ·

GEORGE E. MARTIN, for claimant.

GEORGE F. BARRETT, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

Claimant filed his complaint herein on January 4, 1937, and alleges therein in substance that for the last half of 1925 and for the years 1926 to 1936, inclusive, he paid a motor

vehicle license tax on his Buick automobile in excess of the amount which he was really required to pay; that in each of his applications for motor vehicle license he set forth that the horsepower of said motor vehicle was 30, whereas in fact it was 23.4; that by reason of his error in that behalf he made an over-payment of $4.00 per year, on a total over-payment of $46.00 for the period above set forth, and therefore asks for a refund of that amount.

The Attorney General has moved to dismiss the case upon the following grounds:

1. That the registration fees were correctly assessed on the basis of the applications filed by claimant and were paid voluntarily, and therefore claimant is not entitled to a refund of any part thereof.

2. That the claim for the years 1925 to 1936, inclusive, is barred by the Statute of Limitations.

The rule is well established in this State that where an excessive tax or fee is paid voluntarily with a full knowledge of all the facts, the same cannot be recovered. It is equally well established that where such tax is paid under a mistake of fact, it is not considered as having been paid voluntarily; also that where such tax is paid under a mistake of law, it may not be recovered. (*Alton Light & Traction Co.* vs. *Rose*, 117 Ill. App. 83; *Yates* vs. *Royal Insurance Co.*, 200 Ill. 202; *Board of Education* vs. *Toennigs*, 297 Ill. 469; *School of Domestic Arts* vs. *Harding*, 331 Ill. 330; *Richardson Lubricating Co.* vs. *Kinney*, 337 Ill. 122; *Hettler Lumber Co.* vs. *Cook County*, 336 Ill. 645; *Cooper, Kanaley & Co.* vs. *Gill*, 363 Ill. 418; *American Can Co.* vs. *Gill*, 364 Ill. 254.)

Under the facts set forth in the complaint, it appears that the fee was correctly computed by the Secretary of State on the basis of the application made by claimant, and, that the only error or mistake was the error of the claimant in setting forth the correct horsepower of his motor vehicle.

This court has held in numerous cases that where an illegal or excessive tax is imposed by reason of the negligence or inadvertence of the taxpayer and thereafter paid by him, such payment is not made under a mistake of fact and cannot be recovered. (*Western Dairy Co.* vs. *State*, 9 C. C. R. 498; *James B. Emerick* vs. *State*, 9 C. C. R. 510; *Stotlar-Herrin Lumber Co.* vs. *State*, 9 C. C. R. 517; *Fried & Bell Paper Co.* vs. *State*, 9 C. C. R. 531; *Monarch Fire Insurance Co.* vs. *State*,

9 C. C. R. 538; *Oppenheimer Casing Co.* vs. *State,* 10 C. C. R. 9; *Kansas City Fire & Marine Insurance Co.* vs. *State,* 10 C. C. R. 443; *St. Louis Fire & Marine Insurance Co.* vs. *State,* No. 3413, decided January Term, 1940.)

For the reason that none of the payments in question were made under a mistake of fact within the legal meaning of those words, we have no authority to allow an award, and it therefore becomes unnecessary to consider the second point raised by the Attorney General. For the reasons above stated the motion of the Attorney General to dismiss must be allowed.

Motion to dismiss allowed. Case dismissed.