(No. 3812—

WHITING PAPER COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 12, 1944.*

Claimant, pro se.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

ECKERT, J.

On September 27, 1943, claimant, a Massachusetts corporation, with offices in Chicago, Illinois, filed its claim in this court for refund of annual franchise taxes allegedly overpaid to the State of Illinois for the years

1934 to 1943, inclusive, or for such over-payments, the recovery of which has not been barred by statutory limitation.

The complaint alleges that the claimant, in the years 1934 to 1943, inclusive, filed the annual reports required under the provisions of the Business Corporation Act of the State of Illinois; that it erroneously reported its earned surplus as ''paid-in surplus'' in the reports filed in each of the years 1934 to 1942, inclusive; that on the basis of the information so reported by claimant, the Secretary of State, of the State of Illinois, assessed annual franchise taxes for the years 1934 to 1943, inclusive, in amounts in excess of the taxes properly assessable against the claimant for such years; that the taxes assessed were paid by the claimant within the time allotted for payment, and none was delinquent.

The complaint further alleges that during the entire period of 1933-42, inclusive, the claimant's stated capital and paid-in surplus was $300,000.00; that at no time during this period did the claimant have any ''paid-in surplus'' as defined by the Business Corporation Act of the State of Illinois; that its ''stated capital and paid-in surplus'' consisted solely of its stated capital represented by three thousand shares of common stock at a par value of $100.00 per share; that as a result of its error, an over-assessment during this period was made in the total sum of $1,184.40.

The respondent has filed its motion to dismiss the claim, contending that it fails to state a cause of action and shows on its face: (1) that claimant seeks a refund for a franchise tax not paid under protest, without a request for hearing; and (2) that claimant seeks a refund for a voluntary payment of a franchise tax properly assessed.

The rule is well established in this State that where an illegal or excessive tax is paid voluntarily, with full knowledge of all the facts, the same can not be recovered in the absence of a statute authorizing such recovery. *Alton Light & Traction Company* vs. *Rose,* 117 Ill. App. 83; *Yates* vs. *Royal Insurance Company,* 200 Ill. 202; *Cooper Kanaley and Company* vs. *Gill,* 363 Ill. 418; *American Can Company* vs. *Gill,* 364 Ill. 254. The rule is the same where such tax is paid under a mistake of law, but where it is paid under a mistake of fact, it is not considered as having been voluntarily paid, and may therefore be recovered.

Payment of a franchise tax which is illegal or is in excess of amount due, however, has been held to be payment not under a mistake of fact and voluntarily paid. *Chicago Foundation Company* vs. *State,* 8 C. C. R. 22; *Mohawk Carpet Mills Inc.* vs. *State,* 8 C. C. R. 37; *Arundel Corporation* vs. *State,* 8 C. C. R. 506; *Western Dairy Company* vs. *State,* 9 C. C. R. 498; *Butler Company* vs. *State,* 9 C. C. R. 503; *Stotlar-Herrin Lumber Company* vs. *State,* 9 C. C. R. 517; *Handy Button Machine Company* vs. *State,* 10 C. C. R. 22; *Orchard Theatre Corporation* vs. *State,* 11 C. C. R. 271. Where a corporation pays an excessive franchise tax as a result of its own mistake or error, the tax is considered to have been voluntarily paid, and such payment, resulting from the negligence or inadvertance of the taxpayer, is not made under a mistake of fact. *Western Dairy Company* vs. *State, supra.* Likewise, where the statutes provide a remedy for a taxpayer of which he fails to avail himself, any payment made is considered voluntary. *Butler Company* vs. *State, supra.*

The payment of the excessive franchise tax alleged by the claimant, is a result of its own mistake or error;

it filed no objection with the Secretary of State; it made no inquiry in regard to the tax assessed; and it made no request for hearing as provided by the statutes. The mistake was one of law, and the payments must be held to have been voluntarily made. *Johnson* vs. *State,* 12 C. C. R. 157.

The motion of the respondent to dismiss is therefore granted. Claim dismissed.