(No. 4818

KROGER COMPANY, A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 24, 1959.*

GILLESPIE, BURKE AND GILLESPIE, Attorneys for Claimant.

GRENVILLE BEARDSLEY, Attorney General; ROGER D. LAPAN, Assistant Attorney General, for Respondent.

156

FEARER, J.

Kroger Company, A Corporation, filed its claim for $395.00, as the result of a payment of $5.00 for each store located in the State of Illinois for the privilege of dealing in eggs in the State of Illinois. This was done in order to obtain a license pursuant to Chap. 56½, Secs. 7-8, 1957 Ill. Rev. Stats., the license being one issued by the Department of Agriculture.

On October 31, 1957, the Department of Agriculture issued to claimant 73 Class One (I) licenses for the stores mentioned in paragraph 4 of the complaint filed herein.

Claimant alleges that, prior to the payment of the license fee in question, it was led to believe, and it was so represented by a duly authorized agent of the Department of Agriculture that each of claimant's stores mentioned in paragraph 4 was required to obtain a Class One (I) egg license pursuant to Sec. 7, Chap. 56½, 1957 Ill. Rev. Stats.

It is further alleged that, subsequent to the payment in question, claimant learned for the first time that it had mistakenly made the payment in question in that it did not buy or obtain eggs from a producer, as was contemplated by Sec. 8 of Chap. 56½, 1957 Ill. Rev. Stats. It is further alleged that, subsequent to the payment in question, claimant presented its claim to the Department of Agriculture of the State of Illinois, and the payment by mistake was acknowledged at said time by representatives of the Department of Agriculture.

It is further alleged that during the year of 1957 each of the stores mentioned in paragraph 4 of the complaint sold eggs only at retail, and obtained all of their eggs and now obtain all of their eggs from the Kroger Division Warehouse located at 8235 Vincennes Avenue, Chicago, Illinois; that said warehouse

was at all times mentioned herein a licensed wholesale distributor of eggs for claimant, and at no time was nor is it now a producer for sale at retail.

The record in this case consists of:

1. Complaint
2. Motion of respondent to dismiss
3. Statement, brief and argument of respondent in support of the motion to dismiss

No answer having been filed, under Rule 11 of this Court a general traverse or denial of the facts set forth in the complaint shall be considered as filed.

Respondent moves to dismiss the complaint and claim presented for want of jurisdiction of the subject matter, for want of statutory authorization, and for the further reason that the monies collected were voluntarily paid by claimant, and were not paid under any mistake of fact but under a mistake of law, as appears upon the face of the complaint.

Prior to July 11, 1957, this Court had previously held that in cases of this kind it did not have jurisdiction to hear such claims under the Court of Claims Act. *Columbia Fire Insurance Company, A Corporation,* vs. *State of Illinois,* 22 C.C.R. 38.

In the case above cited, this Court held that, where a payment of a tax is voluntarily made, no recovery can be had for overpayment unless a specific statute authorizes such payment.

In 1957, the Court of Claims Act was amended by the addition of Par. (F) to Sec. 8.

Sec. 439.8 (F) is as follows:

"All claims for recovery of overpayment of premium taxes or fees or other taxes by insurance companies made to the State resulting from failure to claim credit allowable for any payment made to any political subdivision or instrumentality thereof. Any claim in this category, which arose after July 16, 1945 and prior to the effective date of this amendatory Act, may be prosecuted as if it arose on the effective date of this amendatory Act

without regard to whether or not such claim has previously been presented or determined."

The addition of this paragraph permitted suits in the Court of Claims to be brought for the overpayment of taxes and fees by *insurance companies.*

The addition of this section to the Court of Claims Act, permitting recoveries on overpayments made by insurance companies, was prompted by the *Columbia Fire Insurance Company* case, as well as similar cases on overpayments of privilege taxes made by other insurance companies; and granted to the insurance companies the right to sue the State of Illinois in the Court of Claims to recover for such taxes wrongfully paid.

The section of the statute added refers specifically to insurance companies. If the Legislature had intended that it should include all licenses or taxes wrongfully paid, then the amendment to the Act should have so provided. As it is now provided, it appears that the addition to the Court of Claims Act gave this Court jurisdiction only to hear cases in regard to overpayments made by insurance companies, and does not cover overpayments by others for license fees, taxes, and the like.

This construction of the legislative intent is mandatory when one considers the maxim *expressio unius est exclusio alterius,* or the express mention of one thing is or amounts to an exclusion of all others, *I. C. R. R. Co.* vs. *Franklin County,* 387 Ill. 301. This is not a rule of law. It is merely a rule applied to assist in arriving at the real intention of the lawmakers, where such intention is not clearly manifested in the language used.

This Court previously adopted and has followed the rule of law set forth in *Whiting Paper Company* vs. *State of Illinois,* 13 C.C.R. 136, which has been reiterated many times. We quote from page 138:

"The rule is well established in this State that, where an illegal or excessive tax is paid voluntarily with full knowledge of all the facts, the same can not be recovered in the absence of a statute authorizing such recovery. *Alton Light and Traction Company* vs. *Rose,* 117 Ill. App. 83; *Yates* vs. *Royal Insurance Company,* 200 Ill. 202; *Cooper Kanaley and Company* vs. *Gill,* 363 Ill. 418; *American Can Company* vs. *Gill,* 364 Ill. 254. The rule is the same where such tax is paid under a mistake of law, but, where it is paid under a mistake of fact, it is not considered as having been voluntarily paid, and may, therefore, be recovered."

Because the Legislature did not include a provision for overpayments of fees or taxes, other than those for insurance companies, this Court would not have jurisdiction to pass upon this claim until the Court of Claims Act was enlarged by the Legislature; or, unless there was an express statute authorizing the repayment of monies voluntarily and wrongfully paid to any departmental agency of respondent.

It is, therefore, the order of this Court that the claim filed herein be denied.