(No. 21927.—)

L. L. LeFevre, Appellant, *vs.* The County of Lee *et al.*
Appellees.

*Opinion filed June 22, 1933.*

Henry C. Warner, (Morey C. Pires, of counsel,) for appellant.

Clyde Smith, for appellees.

Mr. Justice Stone delivered the opinion of the court:

Appellant, as a citizen and tax-payer of the county of Lee, filed a bill in the circuit court of that county seeking a decree restraining the county clerk of that county from

issuing warrants for a refund of illegal taxes voluntarily paid for the year 1929 and restraining the county treasurer from paying or refunding such taxes. He says in his bill that he has voluntarily paid the tax and that the county board of supervisors have by resolution directed that all paying such tax shall receive a refund thereof, and he asserts that the county board is without power to refund such taxes. A demurrer to the bill was sustained and the bill was dismissed for want of equity. On appeal the Appellate Court for the Second District affirmed the decree of the circuit court and granted an appeal on certificate of importance, certifying the question of doubt to be whether the board of supervisors of Lee county had power and authority, either as expressly conferred by statute or as an incident to the powers which the statute expressly confers upon it, to order by resolution that illegal taxes voluntarily paid into the county treasury be refunded. This is the only question involved in the case.

It is conceded by both parties that the county tax to the amount of eleven cents on each $100 valuation was illegal and invalid as being in excess of the amount allowed by statute. Some eight hundred tax-payers of the county of Lee objected to this excess of eleven cents, and their objections were sustained at the June term, 1930, whereupon, at the September, 1930, meeting of the board of supervisors, a resolution was passed reciting that the county of Lee refused to accept from the tax-payers the payment of the illegal portion of their tax; that the county, by its board of supervisors, promises and agrees with such tax-payers to rebate and refund such illegal taxes so voluntarily paid, and that upon claim duly made an order shall be issued in due form to such tax-payers who had paid such illegal tax, for the amount of the same.

It is conceded by both parties to this lawsuit that the general rule is that taxes paid voluntarily and not under duress cannot be recovered by the tax-payer even though

the tax be illegal. (*Davis* v. *Board of Education,* 323 Ill. 281; *Yates* v. *Royal Ins. Co.* 200 id. 202.) Appellees contend that a county has at all times the legal right to refund a tax illegally levied and collected; that the tax being illegal and the duty resting upon the county to return it to the tax-payer, the promise of the county board to do so was based on a good consideration, and that whether this is so or not, the county board could waive a defense of want of consideration or want of right in the tax-payer to recover taxes voluntarily paid. Concerning the last ground, it may be said that on suit of a tax-payer seeking to enjoin the county from making such refund, the county board can scarcely be permitted to waive the rules of law pertaining to its lack of power to do the things sought to be enjoined by such tax-payer's bill.

A county is a creature of the statute and has no powers except those expressly conferred upon it by statute or such powers as are necessary to carry out the powers so conferred. The powers of county boards over county funds are to be found in the 25th section of the Counties act. They are, (1) the care and custody of real and personal estate owned by the county; (2) to manage the county funds and county business except as otherwise specifically provided; and (3) to examine and settle all accounts against the county and all accounts concerning the receipts and expenditures of the county. While it is empowered to appropriate money it may not appropriate funds for other than county purposes. It has no power to appropriate, give away or dispose of county funds or property for a purpose not authorized by law. (*Scates* v. *King,* 110 Ill. 456; *Perry* v. *Kinnear,* 42 id. 160; *Colton* v. *Hanchett,* 13 id. 615.) The only provision of the statute relating to the power of counties to refund illegal taxes is to be found in sections 267 and 268 of the Revenue act. (Cahill's Stat. 1931, p. 2361.) The former of these sections refers to cases where taxes on the same property have been paid

more than once for the same year by different claimants. Section 268 applies to cases where real property has been twice assessed for the same year or assessed before it became taxable and the taxes so erroneously assessed had been paid. In such cases the county board, being satisfied as to the facts, may refund the taxes. The situation provided for by these sections of the Revenue act are neither the same as nor analogous to the facts of this case. No other authority is given the county board to refund taxes.

Counsel for appellees cites *Conkling v. City of Springfield,* 132 Ill. 420, where assumpsit was brought by a taxpayer against the city of Springfield to recover certain taxes that had been paid to the city under protest which were claimed to be illegal. Counsel for appellees relies on the language of a portion of the opinion in which it is said: "If the city of Springfield had received from the plaintiff the sum of money in payment of illegal or void taxes and after having received the money agreed to refund the amount so received, we see no reason why an action might not be maintained upon such an agreement." Counsel for appellant say that this language was *obiter dictum* and not necessary to the decision of that case and therefore is not authority here. Another consideration, however, distinguishes that case from the one before us. Under the act to refund illegal taxes, approved June 27, 1885, city authorities are empowered to refund any taxes for city purposes which have been collected and paid to the city treasurer without authority of law. No such general power to refund taxes has been by statute conferred on counties.

Counsel for appellees argues that the county board had a right to rescind its action levying this tax. Such question does not arise here, however, since the action of the board was not a rescission of the levy of the tax. The illegal tax had not only been levied but had been collected and deposited in the county treasury. This case presents, therefore, the pure question whether the county board is

empowered, under the statute, to refund such taxes voluntarily paid.

Though there be much justice in the claim of appellees that those having voluntarily paid this tax should be allowed its return, yet the legislature has not seen fit to grant such power to county boards, and in the absence of such grant of power the board is without authority to make this refund. Appellant's bill therefore presented a good cause of action, and it was error to sustain a demurrer thereto.

The judgment of the Appellate Court and the decree of the circuit court are therefore reversed and the cause remanded to the circuit court, with directions to overrule the demurrer to the bill.

*Reversed and remanded, with directions.*