(No. 23631.—

THE AMERICAN CAN COMPANY, Appellant, *vs.* JOSEPH J. GILL, County Collector, Appellee.

*Opinion filed October 14, 1936.*

COLLINS, HOLLOWAY & KELLY, (ANDREW D. COLLINS, of counsel,) for appellant.

COOKE, SULLIVAN & RICKS, (HOMER D. DINES, JOHN D. COOKE, JR., and R. J. DALEY, of counsel,) for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

By a petition filed in the county court of Cook county appellant sought a tax refund under section 268 of the general Revenue law. Upon the entry of an order there

denying the refund and dismissing the petition the present direct appeal was taken.

The facts are undisputed. The alleged double assessment consisted of the assessment of a steel tank as an improvement on appellant's land in the sum of $2201, which by error was entered in the assessment books in the sum of $220,100. A wooden tank was in the same manner assessed at $620 and by like error the assessment was entered at $62,000. These valuations were added to other valuations of other improvements on lands of appellant, resulting in the erroneous extension and collection of taxes for 1931 of $7822.33, for 1932 of $6099.24, and for 1933 of $5207.99. The figures were handled through a comptometer and the mistake occurred in the operations of the machine, which shifted the decimal point two places to the right. The error is admitted by appellee. The sole issue is whether, upon the admitted facts, appellant is entitled to a refund of taxes for the years in question.

Section 268 in substance provides that if any real or personal property is twice assessed for the same year, or is assessed before it becomes taxable, and the taxes so erroneously assessed have been paid by one claimant or twice paid by different claimants, the county court, upon petition and proper showing, shall direct a refund. In a recent decision, (*Cooper Kanaley & Co.* v. *Gill,* 363 Ill. 418,) we had occasion to pass upon the application of this same section 268 through an erroneous assessment, where like objections were made. We there held, even though the error in calculation of value was admitted, the taxes resulting from such erroneous increase in valuation did not constitute double taxation. Our opinion there is decisive of the identical issue here presented. The improvements here were not twice assessed for the same year nor assessed before they became taxable. The relief sought could have been secured under other provisions of the Revenue act if application therefor had been made in apt time. The error

was subsequently discovered and corrected by the board of appeals but too late to afford appellant any relief for the taxes voluntarily paid for the years 1931, 1932 and 1933. Taxes voluntarily paid cannot be recovered or refunded unless the statute expressly authorizes such recovery or refunding. *LeFevre* v. *County of Lee,* 353 Ill. 30; *Standard Oil Co.* v. *Bollinger,* 348 id. 82; *Richardson Lubricating Co.* v. *Kinney,* 337 id. 122.

The judgment is affirmed.

*Judgment affirmed.*