(No. 3091— ▮▮▮▮▮)

ARTHUR B. PHILLIPS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 12, 1937.*

ARLO E. BANE, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant alleges in his complaint that he paid the State $50.00 as the license fee for a 1937 Dodge truck; that the license plates which he received have never been used, that the seal enclosing the identification card has never been broken; that claimant sold said Dodge truck and did not operate the same since the issuance of said license to him; that he is ready, willing and able to return said license plates; and asks a refund of the license fee so paid by him as aforesaid.

The Attorney General has entered a motion to dismiss the claim on the following grounds:

1. That there is no statute authorizing the refund of the license fee so paid by the claimant as aforesaid.

2. That payment of such license fee was not made under protest, nor under a mistake of fact.

There is no provision of the Motor Vehicle Act, or any other Act, which authorizes a return of a license fee under the facts set forth in the complaint. Had the legislature intended that licensees should be entitled to a return of the license fees paid by them, in the event of a sale of the licensed car, they would undoubtedly have made provision to that effect.

It is not contended that the license fee was paid under duress or under a mistake of fact, and the rule is well settled that where a tax is paid voluntarily and without duress or compulsion, and with a full knowledge of the facts, it cannot be recovered back, in the absence of a statute authorizing such recovery. *Yates* vs. *Royal Insurance Co.*, 200 Ill. 202; *Board of Education* vs. *Toennigs*, 287 Ill. 469; *Richardson Lubricating Co.* vs. *Kinney*, 337 Ill. 122; *American Can Co.* vs. *Gill*, 364 Ill. 254.

The jurisdiction of this court is limited to claims in respect of which the claimant would be entitled to redress against the State, either at law or in equity, if the State were suable. *Crabtree* vs. *State*, 7 C. C. R. 207; *Kramer* vs. *State*, 8 C. C. R. 31; *Shumway* vs. *State*, 8 C. C. R. 43; *Titone* vs. *State*, No. 2475, decided at the January term, 1937, of this court.

Under the facts set forth in the complaint, claimant could not maintain an action against the State if it were suable, and therefore we have no authority to allow an award. The motion of the Attorney General must be sustained.

Motion to dismiss allowed. Case dismissed.