(No. 3201—

RAILWAY EXPRESS AGENCY, INCORPORATED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 14, 1938.*

JOHN A. DILL and EMIL SEERUP, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

The complaint herein alleges in substance that at divers times during the months of August and September, A. D. 1937, the claimant made application to the Secretary of State for additional trailer licenses, as follows: August 17th, one license; August 21st, two licenses; September 25th, three licenses; that it remitted the sum of Ten Dollars ($10.00) as

a license fee for each such license; that the proper licenses were thereafter duly issued and received; that the trailers in question were purchased by claimant subsequent to July 1st, 1937, and were not put in use until after that date, and therefore the proper license fee, in accordance with Sections 8 and 9 of the Motor Vehicle Law was Five Dollars ($5.00) for each trailer;—and claimant therefore asks for a refund of the excess which it claims to have paid as aforesaid, to-wit, the total sum of Thirty Dollars ($30.00).

The Attorney General has moved to dismiss the complaint on the ground that claimant is not entitled to a refund under the facts set forth in the complaint.

It is apparent from the facts set forth in the complaint that the license fees in question were paid voluntarily, without compulsion, and with a full knowledge of all the facts, and that the only mistake involved in the several transactions was a mistake of law, to-wit, a mistake as to amount of the license fee required to be paid under the provisions of the statute.

It has been repeatedly held that where an illegal or excessive tax or license fee is paid voluntarily with a full knowledge of all the facts, it cannot be recovered; also that where such license fee or tax is paid under a mistake of law, it cannot be recovered. *American Can Co.* vs. *Gill*, 364 Ill. 254; *Richardson* vs. *Kinney*, 337 Ill. 122; *Board of Education* vs. *Toennigs*, 287 Ill. 469; *Yates* vs. *Royal Ins. Co.*, 200 Ill. 202; *Butler Co.* vs. *State*, 9 C. C. R. 503; *Western Dairy Co.* vs. *State*, 9 C. C. R. 498; *Stotlar-Herrin Lumber Co.* vs. *State*, 9 C. C. R. 517.

Under the fact set forth in the complaint, the claimant is not entitled to an award, and the motion of the Attorney General must therefore be sustained.

Motion to dismiss allowed. Case dismissed.