(No. 2932— )

VALERIA SADOWSKI, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 12, 1941.*

M. A. ROTHSTEIN and MERWIN M. HART, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The amended complaint herein alleges in substance that on June 6, 1936, the Illinois Liquor Control Commission issued to the claimant a retailer's license for the sale of alcoholic liquor for the premises located at 1053 North Rockwell Street, Chicago, Illinois, which license covered the period from the date thereof to June 30, 1937; that the claimant paid the State of Illinois therefor the sum of $58.33; that at the time she obtained said retailer's license she had a local liquor license from the City of Chicago which expired June 30, 1936; that under Article 3, Section 13, of the Illinois Liquor Control Law, the Liquor Control Commission had no right to issue a State liquor license to the claimant beyond the period for which she had secured a local liquor license; that therefore the above described State liquor license was void as of June 30th, 1936; that by reason of her ill health claimant was forced to discontinue her business, was unable to use her said State liquor license, and sold her tavern to one Jacob Niemotka who had applied for and received a license for the same premises; wherefore claimant requests a refund in the sum of $50.00 for the unexpired period of said license, to wit, from July 1st, 1936 to June 30, 1937.

The Attorney General has entered a motion to dismiss the case.

Claimant contends that the State Commission had no authority to issue a license for the period longer than that covered by her local liquor license which expired June 30th, 1936, and that therefore the license issued to her by the Liquor Control Commission was void as of June 30, 1936. We cannot agree with the contention of the claimant in this behalf, but even if she were correct in such contention and the license as issued was void, nevertheless the license fee paid by the claimant was paid voluntarily, with a knowledge of the facts, and not under protest, fraud or compulsion, and therefore cannot be recovered.

As stated in *The People* vs. *Lindheimer,* 371 Ill. 367-371:

"In the absence of an authoritative statute, taxes, voluntarily, though erroneously paid, cannot be recovered, nor even voluntarily refunded by a county, although there may be justice in the claim."

To the same effect, *LeFevre* vs. *County of Lee,* 353 Ill. 30; *American Can Co.* vs. *Gill,* 364 Ill. 254; *Richardson* vs.

*Kinney,* 337 Ill. 122; *Board of Education* vs. *Toennigs,* 297 Ill. 469.

Claimant also contends that she was not advised of the amendment to the Liquor Control Act in force July 1st, 1935, pursuant to which she could have obtained a short-term license for the period ending June 30th, 1936. This contention is of no avail to her in this proceeding. The mistake, if any, was a mistake of law and not a mistake of fact, and it is well recognized in this State that money paid under a mistake of law cannot be recovered.

Under the facts set forth in the Complaint, we have no authority to allow an award, and the motion of the Attorney General must be sustained.

Motion to dismiss allowed. Case dismissed.