(No. 3236— )

FRANK J. TIERNAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 12, 1941.*

Claimant, pro se.

GEORGE F. BARRETT, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

On January 18th, 1938 claimant made application to the Secretary of State for a license for his Chevrolet town sedan, and remitted the sum of $10.50 therefor, and license plates were duly issued by the Secretary of State. On January 25th, 1938 claimant moved to Bay City, Michigan, and became a resident of that State. Shortly after his removal to Bay City, he traded his Chevrolet town sedan for a 1938 Oldsmobile and was required to purchase Michigan license plates therefor.

The license plates issued by the Secretary of State of the State of Illinois were never used by the claimant, and he asks to be permitted to return same and to have refunded to him the sum of $10.50 which he paid therefor.

The Attorney General has entered a motion to dismiss the case for the reason that the Complaint does not set forth a claim which the State of Illinois as a sovereign commonwealth should discharge and pay.

The identical question here involved was presented to this court in the case of *Phillips* vs. *State*, 10 C. C. R. 53. In disposing of the question there involved, this court said:

"There is no provision of the Motor Vehicle Act, or any other Act, which authorizes a return of a license fee under the facts set forth in the complaint. Had the legislature intended that licensees should be entitled to a return of the license fees paid by them, in the event of a sale of the licensed car, they would undoubtedly have made provision to that effect.

It is not contended that the license fee was paid under duress or under a mistake of fact, and the rule is well settled that where a tax is paid voluntarily and without duress or compulsion, and with a full knowledge of the facts, it cannot be recovered back, in the absence of a statute authorizing such recovery. *Yates* vs. *Royal Insurance Co.*, 200 Ill. 202; *Board of Education* vs. *Toennigs*, 297 Ill. 469; *Richardson Lubricating Co.* vs. *Kinney*, 337 Ill. 122; *American Can Co.* vs. *Gill*, 364 Ill. 254.

"The jurisdiction of this court is limited to claims in respect of which the claimant would be entitled to redress against the State, either at law or in equity, if the State were suable. *Crabtree* vs. *State*, 7 C. C. R. 207; *Kramer* vs. *State*, 8 C. C. R. 31; *Shumway* vs. *State*, 8 C. C. R. 43; *Titone* vs. *State*, No. 2475, decided at the January Term, 1937, of this court."

"Under the facts set forth in the complaint, claimant could not maintain an action against the State if it were suable, and therefore we have no authority to allow an award."

To the same effect see *Eaid* vs. *State*, 10 C. C. R. 244.

What was said in the Phillips case and in the Eaid case applies with equal force to the case at bar, and therefore the motion of the Attorney General to dismiss must be sustained.

Motion to dismiss allowed.   Case dismissed.