(No. 3475— ▇▇▇▇▇)

T. W. MEIKLEJOHN, INC., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 15, 1942.*

Claimant, pro se.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

ECKERT, J.

On January 15, 1940, claimant applied to the Secretary of State of the State of Illinois for a vehicle license on a 1940 Ford Tudor Sedan with Wisconsin title and check for $11.00 attached. The car having been purchased in another state,

an additional fee of $25.00 was required, and for that reason the application was rejected. Claimant subsequently paid the sum of $36.00 and received an Illinois license.

Claimant now asks for a refund of $25.00, alleging that the automobile in question was the property of T. W. Meiklejohn, a resident of Wisconsin. Respondent has filed a motion to dismiss on the ground that there is no law in Illinois providing for a refund of a motor vehicle registration fee paid voluntarily and without protest; that an award can not be made solely on the grounds of equity and good conscience; and that the complaint fails to comply with Rules 4(a), 5(a), 5(b), and 6(a) of this court.

This latter contention is correct. Claimant, however, may wish to amend the complaint in this regard and for that reason it is necessary to consider the remaining portion of respondent's motion.

The claim is indefinite as to the basis upon which the refund is sought, but it is apparent that the fee in question was paid voluntarily, and that the facts as to the ownership of the automobile were within the knowledge of the claimant. It has been repeatedly held that where an illegal or excessive tax or license fee is paid voluntarily with full knowledge of all the facts, it can not be recovered even though it be paid under a mistake of law, unless a statute expressly authorizes such recovery. *American Can Company* vs. *Gill*, 364 Ill. 254; *Railway Express Agency, Inc.* vs. *State*, 10 C. C. R. 359; *Butler Company* vs. *State*, 9 C. C. R. 503. Claimant has shown no statutory authority in this State for such a refund.

Furthermore, awards can be made by this court only in those cases where claimant would be entitled to redress against the State either at law or in equity if the State were suable. *Crabtree* vs. *State*, 7 C. C. R. 207; *Garbutt* vs. *State*, 10 C. C. R. 37.

Respondent's motion to dismiss is therefore granted, and the claimant given thirty days in which to amend its complaint; in the event claimant declines or fails so to amend, this order dismissing the claim shall become final.