(No. 3845— ▮▮▮▮▮)

GEORGE S. WARREN, ET AL., Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1945.*

PETIT, OLIN AND OVERMYER, for claimants.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

FISHER, J.

Claimants allege that on June 21, 1943, they filed "application for license for the storage of personal prop-

erty for a compensation" with the Illinois Commerce Commission, together with a certified check in the amount of $50.00 for the license fee. That on June 28, 1943, they sold their business and subsequently on August 16, 1943, and thereafter, attempted to recover the fee paid. That no recovery has been had for the reason that the fee had been deposited with the State Treasurer. Claimants seek an award for $50.00, the amount of the fee so paid.

The record of this case consists of the complaint, statement, brief and argument on behalf of claimants and respondent, and motion by respondent to dismiss the complaint for the reason that it does not set forth a cause of action at law or equity.

The complaint sets forth the payment of a license fee required by statute for the operation of certain types of public warehouses as required by the provisions of Sections 122 and 125, Chapter 111⅔, Illinois Revised Statutes 1943.

Claimants do not allege that the payment was made under a mistake of fact, or that any situation existed at the time of payment of which the claimants had no knowledge. The fact that claimants, before July 1, 1943, sold their business and therefore did not require a license effective July 1, 1943, does not entitle them to a refund of the fee paid.

Where a fee or tax is paid voluntarily with full knowledge of all the facts the same cannot be recovered in the absence of a statute authorizing such recovery.

> *Cooper Kanaley & Co.* vs. *Gill*, 363 Ill. 418.
> *American Can Co.* vs. *Gill*, 364 Ill. 254.
> *Wright & Wagner Dairy Co.* vs. *State*, 12 C. C. R. 149.

Where a fee or tax is paid voluntarily there is no legal basis for an award for a refund thereof, and none can be made on the ground of equity and good conscience.

*Orchard Theatre Corp.* vs. *State*, 11 C. C. R. 271.
*Chicago Cold Storage Warehouse Co.* vs. *State*, 13 C. C. R.,
page 111.

Claimants, in their statement, brief and argument, state that the payment of the said license fee was made because a purported representative of the Illinois Commerce Commission visited claimants before July 1, 1943, and told them that they must pay a license fee to operate a warehouse or become liable to the penalty provided by law. Claimants contend therefore, that payment was compulsory and not voluntary. A taxpayer is presumed to have knowledge of the law providing for the payment of a tax, and where payment is made under a mistake of law, there is no legal basis for a refund.

The question involved in this claim has been passed upon by this Court in the case of *Russell Johnson, assignee of the Bud Shoe Store, Inc.,* vs. *State,* 12 C. C. R. 157. The facts in that case show that the corporation paid a franchise tax to the Secretary of State on May 23, 1940, although the same was not due until July 1, 1940. On June 29, 1940, before the commencement of the period for which said tax was paid, the corporation voluntarily surrendered its charter and was issued a Certificate of Dissolution. It sought a refund, based on the belief that the franchise tax paid to the State on May 23, 1940, was due from it to the respondent for the preceding year instead of the year commencing after date of payment. We held this was a mistake of law and that there is no legal basis for an award for a refund thereof and no award can be made on the grounds of equity and good conscience. To the same effect is the ruling in *Orchard Theatre Corp.* vs. *State,* 11 C. C. R. 271.

There being no legal basis upon which an award can be made, the motion of respondent to dismiss must be sustained.

Case dismissed.