ROBERT L. BLAND, Judge,
dissenting.
The claim involved in this case was filed in the court of
*49 claims on January 1, 1947.
Refund of business and occupation taxes paid for the years 1939, 1940, 1941, 1942, and 1943 is sought in the proceeding.
Any remedy which claimant may ever have had to obtain a refund of the taxes v'hich it contends it paid through mistake into the treasury of this state has been exhausted by reason of its lachen in making application for such refund within the period prescribed by statute in such case made and provided.
Chapter 11, article 1, section 2(a) of the code of West Virginia provides that any taxpayer claiming to be aggrieved through being required to pay any tax into the treasury of this state may, within two years from the date of such payment, and not after, file with the offuciai or department through which the tax was paid, a petition in writing to have refunded to him any such tax, or any part thereof, the payment whereof is claimed by him to have been required unlawfully. The refund authorized by the statute is to be paid by the treasurer out of the fund into which the amount so refunded was originally paid. Such remedy to obtain any such refund is exclusive. State v. Penn Oak Oil & Gas, Inc., 128 W. Va. 212; 36 SE (2nd) 595.
“An award will not be made to a person failing to file application for refund of taxes paid on gasoline within sixty days after date of purchase or delivery of gasoline as prescribed by general law, when it appears from the general law that it is the policy of the Legislature to deny payment of such refunds unless such application is filed as prescribed by the statute permitting refunds on gasoline used for certain specific purposes.” Del Balso v. State Tax Commissioner, 1 Ct. Claims (W. Va.) 15.
“A claim which has been barred by a statute of limitations for a period of more than five years prior to the reenactment of chapter 14, article 2 of *50 the 1931 code, creating the court of claims which was of such nature that it could have and should have been presented to the circuit court of Ka-nawha county for auditing and adjusting and its action reported by the auditor to the Legislature under a proceeding then provided for by statute, held not revived, and an award denied, when petitioner has not been prevented or restricted from prosecuting such claim under the procedure provided prior to the time such claim became barred under the statute.” Consolidated Coal Company v. State Auditor, 2 Ct. Claims (W. Va.) 10.
“An award will not be made to a person failing to file application for refund of taxes paid on gasoline within sixty days after date of purchase or delivery of gasoline as provided by general law when it appears from the general law that it is the policy of the Legislature to deny payment of such refunds unless such application is filed as prescribed by the statute permitting refunds on gasoline used for certain specific purposes.” State Construction Company v. State Tax Commissioner, 8 Ct. Claims (W. Va.) 85.
“The Court of Claims is without jurisdiction to extend the time fixed by statute to make application for refund of excess income tax paid. Such income taxpayer is obliged to avail himself of the remedy provided by law for relief.” Long v. State Tax Commissioner, 3 Ct. Claims (W. Va.) 25.
Code 11-13-3 exempts persons engaged in the business of banking from the payment of a business or occupation (commonly known as gross sales) tax on a banking house or building. The Legislature has thus been very generous toward persons engaged in the banking business. Notwithstanding the statute in question, claimant, which had received rentals on leased portions of its banking house from 1939 to 1943, inclusive, of $74,847.17, and also rentals from other property which it owned for the same period, of $49,934.45, paid to the state-tax commissioner business or occupation taxes on the combined rentals which it had *51 collected from its demised premises. It did not segregate or separate the rental collected from the banking house from the rental received from other real estate, but made its own computation of gross sales tax due on the entire rental, and made return accordingly to the state tax commissioner with checks for the amount which it conceived to be in proper settlement of such taxes. These payments were purely voluntary. The state tax commissioner did not require claimant to pay taxes on the rentals received from its banking house. Claimant made such payments without duress or compulsion of any kind. It made its own determination of the amount due the state on account of its supposed liability to pay business or occupation taxes on rentals collected by it. The money paid to the tax commissioner by claimant was not unlawfully received by the tax commissioner. The tax commissioner had no way of knowing that the return made by claimant of liability to pay the taxes was not a correct computation and finding by claimant. The tax commissioner could not be expected to act as a bookkeeper or accountant for the bank. The payment made was a purely voluntary payment of taxes which claimant felt it should account for and pay to the state. The money paid to the tax commissioner was paid as taxes.
“Money paid voluntarily with full knowledge of the facts under a mistake of law cannot be recovered.” Beard v. Beard, 25 W. Va. 486.
In the opinion in the above case, on page 489 it is said:
. . It is too well settled in Virginia and in this State to now be controverted, that when one voluntarily pays money to another with full knowledge of all the facts but under a mistake of law he cannot recover it. (Mayor of Richmond v. Judah, 5 Leigh 305; Haigh v. Building Association, 19 W. Va. 792; Transportation Company v. Sweetzer, supra, p. 434.)”
The Supreme Court of the State of Illinois, in American *52 Can Company v. Gill, County Collector, 364 Ill. 254, held that taxes voluntarily paid cannot be recovered or refunded unless the statute expressly authorized such recovery or refunding. And the same court, in LeFevre v. County of Lee, 353 Ill. 30, held that taxes paid voluntarily and not under duress cannot be recovered by the taxpayer, even though the tax be illegal.
Claimant concedes that if the state were suable its claim would have no standing in a court of law or equity, but argues that the court of claims was created for the very purpose of doing what a majority of the court did upon the original hearing of this case and, in effect, attempts to invoke the equity and good conscience provision of the court act. The language used in the court act, in relation to equity and good conscience, defines the jurisdiction of the court and does not create a new liability against the state, nor increase or enlarge any existing liability. I prefer to adopt the view of the court of claims of the state of Illinois, where the court act is very similar to the act creating the court of claims of West Virginia. The court of claims of that state has held that the jurisdiction of the court is limited to claims in respect to which the claimant would be entitled to redress against the state, either at law or in equity, if the state were suable, and that unless the claimant can bring himself within the provisions of a law giving him the right to an award he cannot invoke the principles of equity and good conscience to secure such an award. It seems to me that this is substantially the view expressed by the Supreme Court of West Virginia in the recent case of Cashman v. State Board of Control. Such view also finds support in the language used by Judge Fox in the opinion in the Penn Oak case, supra:
‘Where a statute imposing a tax provides the taxpayer with a specific remedy against injustices arising thereunder and the taxpayer fails to avail himself of the remedy so provided, he cannot go *53 outside the statute for other and different remedies,”
Claimant freely admits that the state tax commissioner made no demand upon it to pay taxes on the rentals received from its banking house, and agrees that such payments were not required by him, but were voluntarily paid by it without separating such rentals from the rentals which it received from other properties. Subsequently it made proper application to the state tax commissioner to obtain refunds of such payment so made for the years 1944, 1945 and 1946, and refunds for such years were made by the tax commissioner, but because applications had not been made for refunds for the preceding years no such refunds were made by him. Claimant pursued the remedy afforded it by statute to obtain refunds for the three years for which refunds were made. It seeks an award for refunds for the preceding years from this court. I respectfully maintain that this court is without jurisdiction to make such refunds, since the only remedy afforded claimant by statute is the remedy it pursued when refunds were made to it by the tax commissioner for the years 1944, 1945 and 1946. Claimant paid its money to the said tax commissioner as taxes. Such payments must be treated as taxes paid.
For reasons set forth in my dissenting statement upon the first hearing and additional reasons herein announced I would deny an award to claimant and dismiss its claim.