(No. 3993—)

SOUTH SIDE PETROLEUM COMPANY, AN ILLINOIS CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 13, 1947.*

FINN, TOLLKUEHN and SMITH, for claimant.

GEORGE F. BARRETT, Attorney General, WM. L. MORGAN, Assistant Attorney General, for respondent.

DAMRON, J.

This complaint was filed October 15, 1946 seeking an award to reimburse claimant in the sum of $1,935.72.

Claimant is a wholesale and retail dealer in gasoline, oil, and other petroleum products. Its business is subject to the provisions of Chap. 104, Ill. Rev. Stat. referred to as the Oil Inspection Act of Illinois. Regulation No. 5 adopted by the Department of Revenue pursuant to the Act in part provides that any petroleum product having an end point of 550° F. or less shall be classified as kerosene and subject to inspection.

Claimant alleges that it erroneously paid $1,935.72 in inspection fees from May 1, 1941 to and including July 1946, on certain of its oil products; that these products had an end point in excess of 550° F.; and therefore were not within the purview of the regulations.

On September 18, 1946, claimant by letter advised the Department of Revenue of the above facts and requested advice as to the procedure to follow so as to obtain an allowance on the over-payment of the aforementioned inspection fees. The Supervisor of the Petroleum Inspection Division of the Department replied that where a distributor voluntarily and wilfully includes fee payments on certain products and subsequently finds that he was in error in so doing and requests restitution, the Department could not be held responsible but that claimant if it so desired, could refer the matter to the State Court of Claims for consideration to which the Department of Revenue would voice no objection.

The above constitutes the essential facts of record pursuant to stipulation of the parties.

The decisions of this Court are consonant with those of our Supreme Court in the affirmation of applicable legal principles which preclude an award on the basis of these facts.

No provision is made in the Oil Inspection Act for refund of fees paid thereunder.

We have repeatedly held that fees and taxes paid voluntarily and without any compulsion or duress, cannot be recovered in the absence of a statute authorizing such recovery. *Warren* vs. *State,* 14 C.C.R. 84; *Wright & Wagner Dairy Co.* vs. *State,* 12 C.C.R. 149; *Socony-Vacuum Oil Co.* vs. *State,* 11 C.C.R. 149.

Moreover, this Court has consistently ruled that an award for refund of fees and taxes paid under similar circumstances must be denied where the claimant has failed to comply with the provisions of Par. 172 of the State Government Act (Ch. 127, Par. 172, Ill. Rev. Stat.).

In *Farm Bureau Oil Co.* vs. *State,* 14 C.C.R. 153 we reviewed the well established principle that where a statute of this State provides an adequate remedy in courts of general jurisdiction and a claimant fails to exercise its rights thereunder, it cannot contend the tax was paid involuntarily and this court is thereby precluded from entering any award. Numerous cases were cited in that opinion which enunciate and support this clearly established rule.

Full consideration has been given to the question as to whether the record before us would sanction the conclusion that the payment of the fees in question had been made under a mistake of fact but the record as constituted will not support such conclusion. The burden of proof rests on claimant and this court can only pass upon the record as made and cannot assume or conjecture that essential facts exist which are neither alleged or proven. Nowhere in this record is there any averment or proof that claimant did not know the "end point" rating or degree of its petroleum products at the time it paid the inspection fees thereon. In the absence of such allegation and proof, it would be reasonable to infer that as a dealer, claimant was familiar with the quality and charac-

teristics of the products in which it dealt and that claimant with knowledge of the facts, inadvertently but voluntarily paid the fee thereon although the product was not within the purview of the regulation.

As to this aspect of the record, the present case cannot be logically distinguished from the case of *Socony-Vacuum Oil Co.* vs. *State, supra.* In that case, claimant erroneously believed that certain of its trucks weighed over 24,000 pounds when fully loaded and paid the required $250.00 license fees for vehicles in such classification. Subsequently, it discovered the trucks weighed less than 24,000 pounds and that it should have paid only $150.00 in fees for vehicles under the 24,000 pound classification. It was conceded that the amount paid was in excess of the amount claimant was required to pay under the law. We held in that case that claimant did that which it believed the law required it to do and that under the decisions of this Court and the Supreme Court of this State, reviewed in that opinion, there could be no award for the excess payments.

The error or mistake of claimant in this case, from all evidence appearing in the record, was one as to application of Regulation No. 5 of the Department of Revenue. A mistake of law is an erroneous conclusion as to the legal effect of known facts and therefore under the law, payments made by claimant are clearly a mistake of law and are not recoverable.

For the above reasons, an award is denied and the claim dismissed.