(No. 4564—

COLUMBIA FIRE INSURANCE COMPANY, A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 23, 1954.*

GILLESPIE, BURKE AND GILLESPIE, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

FEARER, J.

Leave of Court having first been granted to claimant, an amended complaint was filed in this case on December 3, 1953. Respondent has filed a motion to dismiss said

amended complaint on the grounds that claimant has failed to pursue the remedies afforded it by the protest statute, Par. 172, Chap. 127, Ill. Rev. Stats., 1951; and Sec. 407 of the Illinois Insurance Code, Par. 1019, Chap. 73, Ill. Rev. Stats., 1951. Such failure, respondent contends, is a bar to claimant's action herein.

A statement, brief and argument in support of the motion heretofore filed has also been submitted. No authorities were cited by claimant.

The amended complaint states that claimant paid privilege taxes to respondent for the year of 1952, and, also, filed with the Director of Insurance tax receipts showing taxes paid in accordance with Sec. 409 of the Illinois Insurance Code for the benefit of organized fire departments of cities, villages, incorporated towns and fire protection districts of the State of Illinois, as a tax on premiums received by claimant in such cities, villages, incorporated towns and fire protection districts. The amount so paid was in the sum of $1,700.25. On February 27, 1952, evidence of such payments made in accordance with Sec. 414 of the Illinois Insurance Code was filed with the Director of Insurance. Such payments should have been deducted from privilege taxes assessed claimant for the year of 1952. It is further alleged that the Director of Insurance of the State of Illinois negligently and carelessly failed to make a record, memoranda, or other notation of the performance of the conditions precedent to the deduction of the $1,700.25 from claimant's 1952 annual privilege taxes. Claimant further contends that it presented a claim to the Director of Insurance, as evidenced by a letter, which it attached, marked as an exhibit, and made a part of said complaint. It further attached a letter, dated June 18, 1953, written by the Director of Insurance of the State of Illinois,

wherein the error or omission was recognized. This letter is also marked as an exhibit, attached to the claim, and made a part thereof.

Claimant contends that, because of the negligence and misrepresentation of the Director of Insurance, it is entitled to recover its overpayment of privilege taxes for the year of 1952 from respondent.

Claimant does not allege in its complaint that the privilege taxes for the year of 1952 were paid under protest, or that it took any positive action, other than the writing of a letter to the Director of Insurance.

Claimant, having failed to pursue its remedy by paying the privilege taxes under protest, as provided by Par. 172, Chap. 127, Ill. Rev. Stats., 1951, and Sec. 407 of the Illinois Insurance Code, Par. 1019, Chap. 73, Ill. Rev. Stats., 1951, has lost its right to recover said funds, which were voluntarily paid.

Claimant had a right to object to the assessment of the taxes, and obtain a hearing. A provision is made in Sec. 407 for a review of either the court's order, or the decision of the Director of the Department of Insurance, in which event the funds in question would not have been paid to the State Treasurer until the matter had been completely litigated. A similar question was before this Court in the case of *Great American Insurance Company* vs. *State of Illinois*, 19 C.C.R. 91, beginning on page 95. We quote:

"There is no dispute that the tax in this case was voluntarily paid. The petitioner, or the County Fire Insurance Company, had a remedy under Chap. 127, Par. 172, Ill. Rev. Stats. (State Bar Edition). (*Adams* vs. *Nudelman, supra; Farm Bureau Oil Co., Inc.* vs. *State of Illinois*, 14 C.C.R. 153 at 155.)

Under the decisions of our courts, the money having been paid into the State Treasury, and no appropriation being applicable for the refund in this case, the claim will have to be denied. (*Adams* vs. *Nudelman, supra.*)"

No statute is cited making a provision for a repayment of privilege taxes, or taxes of any kind, voluntarily paid.

The claimant in this case had knowledge of the filing of the receipts showing the sum of $1,700.25 paid to the local taxing body, for which credit should have been given by the Department of Insurance in assessing privilege taxes for the year of 1952. The privilege taxes were paid voluntarily with knowledge of these facts.

In view of the cases previously cited, and the case of *The American Can Company* vs. *Gill,* 364 Ill. 254, the funds having been transmitted to the State Treasurer, the allegation of negligence on behalf of the Director of Insurance would not change the law in such cases.

For the reasons above assigned, the motion of respondent to dismiss claimant's amended complaint is hereby allowed.