(No. 5047– ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮)

Bongi Cartage, Inc., A Corporation, and Salvatore Annoreno, Claimants, vs. State of Illinois, Respondent.

*Opinion filed May 14, 1963.*

Joseph I. Bulger, Attorney for Claimants.

William G. Clark, Attorney General; Edward A. Warman, Assistant Attorney General, for Respondent.

355

PEZMAN, J.

Claimants here seek to recover, the sum of $1,500.00 by reason of their contention that the Police Magistrate's order of forfeiture of a fine was illegal and void and ex parte and without legal effect, and that, as a result thereof, the transmission of the bond to the State Treasurer of the State of Illinois was without warrant in law, and should not have been made. Claimants seek to have this Court enter an order directing the State Treasurer to return to claimants, through their attorney, the monies held by the State Treasurer.

From the pleadings and exhibits in this cause, it appears that, on May 3, 1961, claimant, Salvatore Annoreno, was arrested for an alleged violation of the Illinois Motor Vehicle Law for gross over-weight, over-weight on license, and no identification card in the cab of the truck. Two tickets were issued, and he was ordered to appear on May 11, 1961 at the hour of 4:00 P.M. before the Police Magistrate.

It further appears that claimant, Bongi Cartage, Inc., posted as bail, guaranteeing the appearance of claimant, their check No. 32397 in the sum of $1,500.00. The check was payable to Police Magistrate James E. McBride. Claimants then engaged the services of an attorney, Joseph I. Bulger, to represent them at the hearing before the Police Magistrate, who entered his appearance on behalf of claimants, and requested that he be notified of the date of trial. The evidence at hand clearly indicates that no answer was ever received either by claimants or by their counsel as to the date the case was continued to, and, further, we find that an ex parte judgment was entered against claimants, and there was a forfeiture of the

$1,500.00 bond. Subsequently, the bond funds were transmitted in the sum of $1,450.00 to the State Treasurer by the Police Magistrate. We presume that the $50.00 was retained as costs. Subsequently, claimants' counsel successfully filed a petition to vacate and set aside the bond forfeiture, and to have the cause reinstated and set down for trial.

On June 29, 1962, claimants' counsel, Joseph I. Bulger, filed a complaint in the Court of Claims seeking to recover the forfeited bond. On July 12, 1962, respondent filed a motion to strike and dismiss the complaint of claimants, and, on November 13 of the same year, this Court in an order entered principally by the three Judges thereof, denied the motion to strike and dismiss, and held as follows:

"In the present case, the forfeiture was ex parte and involuntary, without claimants having the benefit of a hearing to determine their guilt or innocence. For the reasons above stated, it is, therefore, the order of this Court that respondent's motion to strike and dismiss is hereby overruled.

"It is further ordered that the order of the Police Magistrate should be carried out, and that hearings be held on the violations set forth.

"It is further ordered that the monies deposited with the State Treasurer be held until a final determination of the violations set forth by exhibits A, B and C has been finally made."

On March 19, 1963, claimants' counsel filed with this Court a certified copy of the order of the Justice of the Peace in Cook County determining the causes involved in which the Bongi Cartage Company and Salvatore Annoreno were defendants. The Justice of Peace Court determined the causes on behalf of the defendants. We quote in part from that decision:

"This court having been advised that heretofore the said bail was forfeited and erroneously remitted to the State Treasurer in the sum of $1,450.00 by the aforesaid Police Magistrate, and the defendants have heretofore filed their petition to recover said bail in Cause No. 5047 in the Court of Claims of the State of Illinois, which Court has entered an order, which this court has duly considered, therefore, since the matter has been adjudicated in favor of the defendants said money be returned and forwarded to this court."

The order is signed by C. August Taddeo, Justice of the Peace, Village Hall, Melrose Park, Illinois.

At this setting, this Court feels that it has neither the power to order the State Treasurer of the State of Illinois to refund any monies, which have been transmitted to the Treasury, nor the power to order said funds transmitted by the Treasurer of the State of Illinois to the Justice of the Peace in Melrose Park, Illinois. However, we feel strongly that claimants have been wronged in the manner in which their cause was handled in the original Police Magistrate Court, and said claimants have clearly established that $1,450.00 of their money has been transmitted into the hands of respondent through the Treasurer of the State of Illinois. In the case of *Richard F. Smith* vs. *State of Illinois,* 21 C.C.R. at page 459 and 460, claimant paid his fine to the Clerk of the County Court, and the money was then remitted to the State Treasurer. This Court, in that case, stated as follows: ''No statute is cited making provision for repayment of fines voluntarily paid. Such a voluntary payment is made under a mistake of law, if it develops that the fine should not have been imposed.''

The Court held further, ''Similarly, when a fee or tax is paid voluntarily, with knowledge of the fact, it cannot be recovered in the absence of a statute authorizing such recovery.'' *Great American Insurance Company* vs. *State of Illinois,* 19 C.C.R. 91; *American Can Company* vs. *Gill,* 364 Ill. 254. We feel that the decision of this Court, as written by Judge Farthing in the Smith case, supports claimants in the case at hand. Claimants in the cause we are considering paid the bond involuntarily, and this same bond was illegally transmitted to the State Treasurer of the State of Illinois after an ex parte hearing in which judgment was found against claimants. Clearly,

in this case, claimants have protested long and loud, and have acted to protect their rights after the involuntary payment. Claimants' counsel filed a petition to vacate and set aside the previous order of the Police Magistrate, and then later, after a change of venue to a Justice of the Peace, obtained an order or adjudication in favor of his clients with relation to the charges that were contained in the original hearing before the Police Magistrate.

We find this cause on behalf of claimants, and award them the sum of $1,450.00.