(No. 76-CC-2704-)

WARREN ACHIEVEMENT CENTER, INC., Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed December 28, 1982.*

RICHARD L. WHITMAN, SR., for Claimant.

TYRONE C. FAHNER, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

Claimant in this matter is a non-profit organization located in Monmouth, Illinois. Its function is to meet the needs of mentally and physically handicapped people in a number of ways.

In addition to the Illinois Department of Mental Health and the Illinois Division of Vocational Rehabilitation, several other agencies provide funds to support various Warren Achievement Center (WAC) operations.

Donald P. Tomlin is the director of Achievement Industries, a part of WAC. He has been with WAC since June of 1972.

It is necessary for the operation of their programs that they have certain motor vehicles to aid and further the cause of said programs.

Claimant purchased several different types of vehicles, including a station wagon, vans, and passenger automobiles. For the years 1974, 1975 and 1976, these motor vehicles were registered and State licenses were purchased.

On October 24, 1980, a joint stipulation was entered into between the parties whereby it was agreed that the affidavit of Donald P. Tomlin would be submitted in lieu of his testimony and, with the submission of his affidavit, a hearing before the Court would be waived.

In his affidavit, Mr. Tomlin stated that in 1973 he made three phone calls to the Office of the Secretary of State trying to ascertain if there was any way to secure a reduction of the cost of registering the vehicles owned by WAC. In the first two conversations, an employee of the Secretary of State's office, unidentified, gave him the unequivocal answer of "no." Mr. Tomlin alleges during the third phone call, he was told that there were no provisions under which WAC could gain a reduction in its registration costs. This subject was also unidentified.

On December 5, 1973, Mr. Tomlin wrote to the Secretary of State, making the same inquiry as in the phone calls. The letter was not answered. In July of 1976, Mr. Tomlin learned that there are provisions under which WAC could have obtained its registration plates at a greatly reduced charge. He received this information from Vern Wideler, director of a similar workshop for the handicapped in Galesburg.

WAC's applications for registrations were made on normal application forms until 1977. On November 1, 1976, WAC filed this claim for a total refund of $5,237.00.

This Court in several instances has passed upon the right to a refund. One of the first cases is found in *Wright & Wagner Dairy Co. v. State*, 12 Ill.Ct.Cl. 149, where the Court stated:

"Where one pays a license fee, without compulsion or duress, which the law would not compel him to pay, such payment is voluntary and made under a mistake of law and cannot be recovered."

This law is followed in *Warren v. State*, 14 Ill. Ct. Cl. 84, and *South Side Petroleum Co. v. State*, 16 Ill. Ct. Cl. 284, and it has never been changed.

This fee was paid voluntarily by Claimant and there is no statute authorizing a recovery for fees so paid. The affidavit filed by Claimant is lacking in any corroborating evidence.

Claim denied and case dismissed.