(No. 83-CC-2016–

GEM CITY VINELAND CO., INC., Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Order filed November 29, 1983.*

GEM CITY VINELAND CO., INC., *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This cause comes before this Court on Respondent's motion to dismiss. The facts of the case are that the Claimant on February 1, 1983, made application for a first-class wine manufacturer's license and paid the sum of $500.00 in accordance with the statute. The Illinois Liquor Control Commission issued a first-class wine

manufacturer's license to the Claimant on February 24, 1983. Following the issuance of the first-class wine manufacturer's license, the Claimant, on March 17, 1983, applied for a first-class wine maker's license and again paid the fee as required by statute. Then, before the issuance of the first-class wine maker's license, the Claimant applied on March 25, 1983, for a wine maker's retail license and again paid the appropriate fee. On April 4, 1983, both the first-class wine maker's license and wine maker's retail license were issued. Upon the issuance of the first-class wine maker and wine maker's retail licenses the Claimant voluntarily surrendered the first-class wine manufacturer's license. The Claimant would now like to have a refund for the amount paid for the first-class manufacturer's license. The Claimant may or may not have understood the legal significance attached to each license, but the Claimant did in fact get what it bargained for. If the Claimant made a mistake as to the legal significance of the license, this constitutes a mistake of law for which there is no recovery under the law. The Court in *Southside Petroleum Co. v. State* (1947), 16 Ill. Ct. Cl. 284, stated:

"A mistake of law is an erroneous conclusion as to the legal effect of known facts and therefore under the law payments made by Claimants are clearly a mistake of law and are not recoverable."

Again in the same case, the Court stated that:

"Fees and taxes paid voluntarily and without any compulsion or duress, cannot be recovered in the absence of a statute authorizing such recovery." (16 Ill. Ct. Cl. 284, 286.)

This Court is unaware of any statute authorizing the recovery for taxes paid voluntarily and without compulsion or duress.

To grant this Claimant a recovery would invite every licensee who simply changed their minds about wanting a license to seek a refund claiming mistake. No

license transaction would ever be final until the lapse of the licensing period.

For the above reasons, this claim is hereby denied.